[S. F. No. 47.    Department Two.—August 11, 1896.]

## EQUITABLE NATIONAL BANK, RESPONDENT, *v.* GRIFFIN & SKELLEY COMPANY, APPELLANT.

BILL OF EXCHANGE—PAYMENT BY CHECK.—A check does not constitute payment unless it is so understood; but when a check is given in payment by the drawer of a bill of exchange, which, upon the delivery of the check, is marked "paid" at request of the drawer of the bill, and delivered up to him, this shows a distinct understanding by both parties that the bill of exchange has been paid by the check, and the money paid cannot thereafter be recovered by the drawee of the bill of exchange, and, if he stops payment of the check, the holder of it may recover from him the amount thereof.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.   D. J. MURPHY, Judge.

The facts are stated in the opinion of the court.

*Lloyd & Wood*, for Appellant.

Appellant was entitled to stop payment of the check. (Civ. Code, sec. 3178; *National Gold Bank* v. *McDonald*, 51 Cal. 64; 21 Am. Rep. 694; *Florence etc. Co.* v. *Brown*, 124 U. S. 385, 390; *Bullard* v. *Randan*, 1 Gray, 605; 61 Am. Dec. 433; Morse on Banks and Banking, 278.)

*E. S. Pillsbury*, and *F. D. Madison*, for Respondent.

When a draft is presented by a *bona fide* holder, and accepted or paid by the drawee, he cannot recall his acceptance, or recover back his payment. (*First Nat. Bank* v. *Devenish*, 15 Col. 229; 22 Am. St. Rep. 394; *Johnson* v. *Phœnix etc. Ins. Co.*, 46 Conn. 92; *National Park Bank* v. *Ninth Nat. Bank*, 46 N. Y. 77; 7 Am. Rep. 310; *Fort Dearborn Nat. Bank* v. *Carter*, 152 Mass. 34; *City Nat. Bank of Selma* v. *Burns*, 68 Ala. 267; 44 Am. Rep. 138; *First Nat. Bank* v. *Burkham*, 32 Mich. 328; *Hoffman* v. *Bank of Milwaukee*, 12 Wall. 181; *Goetz* v. *Bank of Kansas City*, 119 U. S. 551.) It does not lie with the appellant to attempt to distinguish a check which it gave and which was received as payment from cash so given. (*First Nat. Bank* v. *Devenish, supra; Levy* v. *Bank of United States*, 4 Dall. 234; *Bank of the United States* v. *Bank of Georgia*, 10 Wheat. 333; *City Nat. Bank of Selma* v. *Burns, supra; American etc. Nat. Bank* v. *Gregg*, 37 Ill. App. 425; *Briggs* v. *Central Nat. Bank*, 89 N. Y. 182; 42 Am. Rep. 285.)

TEMPLE, J.—This appeal is by the defendant, a corporation, from the judgment and from an order denying a new trial. It is conceded that the facts are fairly stated in the findings. From the findings it appears that the appellants had dealings with A. R. Clark & Co.

of Cincinnati, Ohio. They bought and sold goods to and from each other. It was the understanding and agreement between them that each firm should draw upon the other as shipments were made; bills drawn by defendant upon A. R. Clark & Co. were drawn payable sixty days after acceptance, but those drawn by A. R. Clark & Co. upon defendant were payable at sight, less one and one-half per cent for cash. December 8, 1892, A. R. Clark & Co. sold and shipped to defendant goods to the amount of six hundred and seventeen dollars and fifty cents, and thereupon mailed the bill to the defendant, and also, in pursuance of the previous agreement, drew a bill of exchange on the defendant payable at sight to plaintiff for the amount of the goods shipped. The bill of exchange was delivered to plaintiff, which thereupon paid the amount to A. R. Clark & Co.

The bill was then sent to plaintiff's agent in San Francisco for collection, being received there December 13, 1892, and on the same day was presented to defendant for payment. Defendant's manager on the same day called at the office of Wells, Fargo & Co., which was plaintiff's agent, and gave its check on the Crocker-Woolworth Bank for the amount. The clerk having the bill of exchange not then being at the office, the bill was sent by Wells, Fargo & Co. to defendant that evening by mail, as requested by defendant. Pursuant to that request the bill of exchange was marked "paid."

It was received by the defendant on the following morning. Some time after its reception, but on the same day, defendant learned that A. R. Clark & Co. had become insolvent. Then defendant sent to plaintiff's agent, offered to restore the bill of exchange, and demanded the return to it of the check on the Crocker-Woolworth Bank, which had not then been paid. This Wells, Fargo & Co. refused to do, and then defendant requested the bank to refuse payment of the check, which it did.

Plaintiff then demanded payment from defendant,

and, payment having been refused, this action was commenced upon the check.

Appellant contends that at the time the return of the check was demanded the check given by it may be regarded as an acceptance, and that as the plaintiff still held it and its position had been in no way changed by reason of the act of defendant, it was entitled to recall the acceptance, under the rule laid down in section 3198 of the Civil Code.

But the position of plaintiff had been changed by the transaction. The check given by defendant would not have constituted payment unless it had been so understood. Defendant delivered the check with express direction that the draft of A. R. Clark & Co. should be marked paid and sent to it, and these terms were acceded to, and the draft was so marked and surrendered to defendant. This shows a distinct understanding by both parties that the bill of exchange had been paid. Suppose afterward, but before the check was paid, defendant had become insolvent, could not A. R. Clark & Co. have contended that the bill of exchange had been paid?

The authorities seem to be uniform that under such circumstances the money paid cannot be recovered by the drawee. (*First Nat. Bank* v. *Burkham*, 32 Mich. 328; *Hoffman* v. *Bank of Milwaukee*, 12 Wall. 181; *Fort Dearborn etc. Bank* v. *Carter*, 152 Mass. 34.)

It follows, I think, that the judgment must be affirmed, and it is so ordered.

HENSHAW, J., and McFARLAND, J., concurred.