[L. A. No. 438.    Department One.—May 31, 1898.]

CITIZENS' BANK OF LOS ANGELES, Respondent, v. G. M. JONES, Appellant.

APPEAL—REVIEW OF EVIDENCE—SUBSTANTIAL CONFLICT—SPECIFICATIONS.— Where the evidence upon an issue is substantially conflicting, the finding of the court will not be disturbed upon appeal; nor can the sufficiency of the evidence to sustain a finding be reviewed upon appeal, where there is no specification attacking such finding.

NEGOTIABLE PAPER—LIABILITY OF INDORSER—PAROL EVIDENCE.—The con-tract between the indorser and indorsee of a negotiable instrument is a written one, which merges all oral negotiations, and cannot be varied or changed by parol evidence of a verbal promise or agree-ment made at the time of or previous to the indorsement; nor can it be varied by proof of any subsequent oral promise made without consideration.

ID.—CERTIFICATE OF DEPOSIT—TERM OF CREDIT—OPTION OF HOLDER—ORAL AGREEMENT WITH INDORSER.—A certificate of deposit in a bank which was

by its terms payable to order within twelve months from its date, with interest, or within six months thereafter if desired, did not mature until the expiration of the twelve months' period, and the option for payment at the end of six months was solely for the benefit of the payee, to be availed of at his election, which privilege, the instrument being negotiable, passed to the indorsee; and, in an action by the indorsee against the indorser, brought upon demand and notice at the expiration of the twelve months' period, parol evidence is inadmissible to show that it was orally agreed between the indorser and indorsee that demand should be made at the end of the six months' period, and that if it had been so made, it would have been promptly paid by the bank. Such evidence is equally inadmissible, whether the oral promise of the indorsee was made before or after the indorsement of the certificate.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. M. T. Allen, Judge.

The facts are stated in the opinion of the court.

Jones & Weller, for Appellant.

Frank W. Burnett, for Respondent.

VAN FLEET, J.—Appeal by defendant from the judgment and an order denying a new trial.

The action was to recover from defendant, as indorser, on a certain certificate of deposit. The certificate was in these words:

"No. 5927.
"First National Bank of Helena, Montana.
"(Not subject to check.)
"October 19, 1895.

"G. M. Jones has deposited in this bank ($1,000.00) one thousand dollars, payable to the order of self, on return of this certificate twelve months after date with interest at the rate of six per cent per annum for the time specified only. Payable in 6 mo. if desired with interest at 6 per cent. No interest after due.

"No. 70430.                         GEO. F. COOPER,
                                            "Cashier."

It was indorsed "G. M. Jones." The complaint alleged its presentation, with demand of payment, to the maker, on October 19, 1896; that payment was not made, and that due notice of such demand was given the defendant.

The answer alleged that defendant's indorsement to plaintiff was made, on or about March 6, 1896, and was with the understanding and agreement that plaintiff should present the certificate to the maker for payment at the end of six months from its date; that at the last-mentioned date the maker thereof was in a flourishing condition and meeting all its obligations as they matured, and that had the paper been then presented it would have been promptly paid; that it was the duty of plaintiff by reason of said agreement to make demand at said date, and by its failure to do so it had assumed all future risks of collection.

The court found the facts alleged in the complaint to be true and those stated in the answer untrue; and gave judgment for the plaintiff.

Appellant's main contention seems to be in effect, although not so stated in terms, that the finding against his special defense is not in accord with the evidence. We regard the evidence as substantially conflicting as to the making of any such agreement as that set up in the answer. But if this were otherwise, appellant is not in a position to assail the finding upon this issue, since the record contains no specification attacking it. There is but one specification in the record, and that is directed in express terms to the first finding, which refers solely to the averments of the complaint.

But, moreover, the evidence offered by defendant in support of his defense was not competent to establish it, and that objection was made—the court, however, permitting it to go in subject to the objection and reserving its ruling. The evidence simply tended to show a verbal understanding, if any, had at the time of the transfer of the certificate to plaintiff, that the latter would present it at the end of the six months; but whether this understanding was had prior to the indorsement and delivery of the paper or subsequent thereto, defendant could not state. Manifestly, however, whether before or after, in either event the evidence was wholly inadmissible. If made before indorsement, all negotiations were merged in the writing; if made subsequently, it was without consideration and void. The contract between the indorser and indorsee of a negotiable instrument is a written one, and cannot be varied or changed by parol evidence of a verbal promise or agreement made at the time of the indorsement. (*Goldman v. Davis*, 23 Cal. 256.)

The court below having reserved its ruling upon this evidence until final submission, its subsequent finding against appellant upon the issue to which the evidence was directed was in effect a ruling excluding the evidence; and the case may be regarded as though no evidence had been offered by defendant in support of his answer.

The further proposition apparently advanced that the instrument was by its terms due at the end of six months, and that plaintiff was bound to present it at that time in order to hold the indorser, is not tenable. The paper did not by its terms mature until October 19, 1896. The stipulation therein that it would be paid at the end of six months "if desired." was an option solely for the benefit of the payee, to be availed of at his election. (*Belloc v. Davis*, 38 Cal. 255.) And the instrument being negotiable this privilege passed to the indorsee.

The judgment and order are affirmed.

Garoutte, J., and Harrison, J., concurred.