[Civ. No. 1012.   Second Appellate District.—December 15, 1911.]

## BANK OF VENICE, a Corporation, Respondent, v. C. F. CLAPP, Appellant.

BANKS—CHECKS GIVEN FOR LOAN PAYABLE TO ORDER OF BORROWER'S BANK—TREATMENT AS CASH—STOPPAGE OF PAYMENT—LIABILITY OF DRAWER.—Where checks on defendant's bank were drawn as a loan for a third party having dealings with plaintiff bank and were made payable to plaintiff bank, or order, and such checks were treated as cash by plaintiff bank and were credited to such third party as such, and to stop such loan the defendant instructed its bank not to pay the checks, the defendant, as drawer thereof, is liable on the same as negotiable instruments, at suit of the plaintiff bank as holder thereof.

ID.—QUESTION OF AGENCY NOT INVOLVED—OBLIGATION OF DRAWEE TO HOLDER OF CHECKS.—No question of mere agency of the plaintiff bank for the borrower of the money is involved in the facts. When the checks were delivered by the lender to the borrower, but were expressly made payable to the order of the plaintiff bank, which advanced the money to the borrower, and became the holder of the checks, for a consideration, as against him, the rule applies that, when one issues a check upon a bank, a dual promise is implied that the bank upon which the check is drawn will pay the amount thereof, and also that if such bank should refuse to make the payment, the drawee will pay the check to the holder thereof.

ID.—CHECKS DELIVERED TO BORROWER NEGOTIABLE INSTRUMENTS—TITLE VESTED IN PLAINTIFF—ENFORCEMENT.—The checks delivered to borrower, having been given to him in lieu of money promised to be loaned to him by the drawer, the title to them as negotiable instruments vested in the borrower, and when they were delivered by the borrower to the plaintiff bank in consideration of money paid to the borrower by such bank, the title thereto was transferred to and became vested in the plaintiff bank, which may enforce the same against the drawer thereof after payment by the bank upon which the checks were drawn had been demanded and refused, owing to stoppage of payment by the drawer.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Leon Moss, Judge.

The facts are stated in the opinion of the court.

G. P. Adams, for Appellant.

Tanner, Taft & Odell, for Respondent.

17 Cal. App.—42

ALLEN, P. J.—Action to recover upon two checks issued by defendant on a bank at Covina, payable to the order of plaintiff, payment of which was refused by the bank at Covina. Judgment went for plaintiff, from which, and an order denying a new trial, defendant appeals.

The facts are these: Defendant and one Widrig had some dealings through which defendant agreed to loan Widrig $425. Pursuant to such agreement, on Saturday, the 26th of December, 1908, he delivered to Widrig a check for $225, payable to plaintiff or order, and drawn upon the First National Bank of Covina. On the following Monday, the 28th of December, he delivered to Widrig another check, drawn upon the same bank and payable to plaintiff, for $200. Widrig, having dealings with plaintiff and having issued checks on plaintiff which had not been paid for want of funds, but which checks were nevertheless being held by plaintiff awaiting a deposit by Widrig of sufficient to cover the amount thereof, sent these checks so by him received from defendant to the Bank of Venice, which gave Widrig credit for the amount thereof and paid the checks of Widrig on and before the 29th of December, 1908. These checks of defendant delivered to plaintiff by Widrig were forwarded by plaintiff to the First National Bank of Covina and payment was, on December 30th, refused because of defendant's instructions in that regard. Thereupon, plaintiff brought this action upon said checks.

It is appellant's contention that the effect of the issuance of the checks by defendant, under these circumstances, was an agreement to deliver the money to Widrig when he collected the checks; that there was no authority to request plaintiff to pay any money to Widrig before the same had been received by it from the Bank of Covina; that the only duty of plaintiff was to forward the checks for collection and to pay out of the proceeds, as ordered, after, but not before, collection thereof. As we regard the transaction, no question of agency is involved. In discharge of an agreement to make a loan, defendant issued these two checks, which were received by Widrig in lieu of cash, and plaintiff, to whom they were made payable, paid the amount thereof to Widrig, the effect of which was, under the agreement between Widrig and defendant, to make plaintiff a creditor of Widrig to the extent

of the amount of such checks. *Sims* v. *Trust Co.,* 103 N. Y. 472, [9 N. E. 605], is an authority to the effect that where checks upon one bank payable to another are delivered to a third person, the use · of the payee's name indicates the drawer's intention to lodge the money in the payee's control, and nothing further is inferable from the language of the check. This may be accepted as the rule in the absence of any other agreement, but where checks are delivered to a third person under an agreement of the character disclosed by this record, the agreement, and not the inference, must control.

When one issues a check upon a bank there is a dual promise implied: First, that the bank upon which it is drawn will pay the amount thereof; and, second, if such bank should fail to make the payment, the drawer will pay the same to the holder thereof. These checks delivered to Widrig were negotiable instruments, and having been given and received in lieu of money under an agreement, the title thereto vested in Widrig, and when delivered by Widrig to plaintiff the title thereto was transferred from Widrig to plaintiff. While defendant possessed the right to notify the Covina Bank not to pay the checks, such notice did not relieve defendant from the obligation to pay the negotiable instruments to the holder upon demand, which demand was made and refused.

We see no error in the action of the trial court in rendering judgment in favor of plaintiff, or in its order denying a new trial, and the same are affirmed.

James, J., and Shaw, J., concurred.