[Civ. No. 4214. First Appellate District, Division One.—November 28, 1922.]

## I. LINDEMANN, Respondent, v. J. B. CORYELL, Appellant.

[1] CONTRACTS — WRITTEN INSTRUMENT — PAROL EVIDENCE.— A parol agreement made at the time of the execution of a written instrument which upon its face is a complete expression of the agreement of the parties cannot be introduced for the purpose of modifying or contradicting the terms of such instrument.

[2] ID. — REDUCTION OF AGREEMENT TO WRITING — PRESUMPTION. — Where parties have deliberately put their agreement in writing in such language as imports a legal obligation, it is conclusively presumed that the whole engagement and the extent and manner of their undertaking is there expressed.

[3] ID.—PROMISSORY NOTE—TIME OF PAYMENT—PAROL EVIDENCE— ESTOPPEL.—In this action on a promissory note which was made payable six months after the date thereof, the facts alleged by defendant—that the note (which was given in payment for certain dredging work performed nearly four years before) was executed upon the condition and with the express understanding that payment would not be enforced until such time as defendant had sold sufficient property to enable him to pay the note, that in reliance upon such agreement defendant thereafter borrowed various sums of money for the purpose of protecting his property by paying interest on mortgages which were liens thereon, and that he executed promissory notes for the sums so borrowed which were secured by a mortgage on other real property owned

---

1. Admissibility of parol evidence that written instrument for the payment of money was executed in reliance upon parol promise that payment was subject to a condition not incorporated therein, notes, 18 L. R. A. (N. S.) 434; 3 Ann. Cas. 560; 6 Ann. Cas. 169; 15 Ann. Cas. 669; Ann. Cas. 1917D, 1049.

by him, and that owing to the condition of the real estate market defendant had not been able to dispose of sufficient of his property to pay off the note—were not sufficient to estop plaintiff from invoking the parol evidence rule against the admission of oral evidence to prove such allegations.

APPEAL from a judgment of the Superior Court of San Mateo County. George H. Buck, Judge. Affirmed.

The facts are stated in the opinion of the court.

McWilliams & Hatfield, R. L. McWilliams and Heller, Ehrman, White & McAuliffe for Appellant.

Thomas G. Crothers and George E. Crothers for Respondent.

TYLER, P. J.—This action was brought to recover upon a certain promissory note executed by defendant in favor of the American Dredging Company for the sum of $18,235.21. The note was assigned to plaintiff after maturity. Judgment was recovered for the full amount prayed for, and this is an appeal from such judgment.

Defendant, by his pleading, admits the execution of the note, but as an affirmative defense he sets up certain facts which he claims estops the plaintiff from maintaining the action.

In substance, his answer alleges that prior to the execution of the note and in the year 1915, defendant desired to have some dredging work done upon certain real property owned by him in San Francisco, and he thereupon entered into a contract with the American Dredging Company, the assignor of plaintiff herein, to do the work upon the verbal understanding and agreement that the dredging company was not to be paid therefor until such time as defendant might dispose of sufficient of the property to enable him to make payment.

That pursuant to this agreement the company did the work contracted for and thereafter defendant made certain payments on account thereof, after which time the company requested defendant to execute and deliver to it his promissory note for the balance due.

That in conformity with this request defendant agreed to and did execute the note in question upon the condition and with the express understanding, so it is alleged, that the company would not sell or assign or hypothecate the same or enforce payment thereof until such time as defendant had sold sufficient of said real property to enable him to pay the note. It is then recited that in reliance upon this agreement defendant thereafter borrowed various sums of money for the purpose of protecting said real property by paying interest on mortgages which were liens thereon, and that he executed promissory notes for the sums so borrowed which were secured by a mortgage on other real property owned by him.

Further recitals are to the effect that defendant would not have incurred such indebtedness but for the reliance that he placed upon the alleged promise on the part of plaintiff's assignor and that he had used his best efforts to dispose of sufficient of the dredged lands to enable him to pay off the note in question, but that owing to the condition of the real estate market he has been unable to do so.

Upon the trial, and in order to prove the facts as set forth in his answer, defendant was asked to state the circumstances surrounding the execution of the note. To this question plaintiff interposed an objection upon the ground that the defense attempted to be set up would contradict and impair the terms of a written instrument, and that the evidence sought to be elicited was therefore violative of the so-called parol evidence rule. The court below sustained the objection and appellant assigns such ruling as error.

The instrument sued upon was a plain, unambiguous promissory note unconditioned in terms, and its execution and delivery, the consideration and amount due are duly admitted, as is also the fact that the note was transferred after maturity, so that the rights of *bona fide* purchasers are not here involved. It further appears that the note was given some four years after the work was performed, and at a time when the statute of limitations was about to run against the claim, and it was made payable six months after date thereof. It may be further stated that plaintiff denies that either at the time of the execution of the note or at any other time was the alleged promise of forbearance or

any promise ever made, and that the only assumption that they were so made is solely for the purpose of this appeal.

As above indicated no questions of fraud, deceit or mistake are raised, nor is the validity or explicitness of the note called into question or reformation asked for, the sole contention being that the note was transferred and sued upon contrary to the alleged agreement. [1] The rule is elementary that a parol agreement made at the time of the execution of a written instrument which upon its face is a complete expression of the agreement of the parties, cannot be introduced for the purpose of modifying or contradicting the terms of such instrument. The rule is one of wide application and requires no citation of authority for its support. [2] Where parties have deliberately put their agreement in writing in such language as imports a legal obligation, it is conclusively presumed that the whole engagement and the extent and manner of their undertaking is there expressed. This rule has found expression in our code (Civ. Code, secs. 1625, 1698) and, according to modern authority, has been held to be not one of evidence merely but also one of positive substantive law. (*Harding* v. *Robinson,* 175 Cal. 534 [166 Pac. 808].) The reason for the rule has been frequently announced. It is to the effect that it is founded on long experience and usage, and is so much more certain and accurate than that which rests in fleeting memory, and that it would be unsafe to admit weaker evidence to control or vary the stronger for the purpose of showing that the parties intended a different contract from that stated in their writing. It has been said that the rule is necessary because of the obvious fact that written instruments would soon be of little value if their explicit terms could be varied or controlled by parol evidence, and courts have expressed regret that in their anxiety to avoid possible injustice in particular cases that they have gradually modified a principle which has always been considered one of the greatest barriers against fraud and perjury. (20 Corpus Juris, sec. 1380.) While generally there are exceptions to all rules, the nonobservance of this particular one in certain cases has caused legal chaos, for the different construction given to it at times has resulted in great confusion and conflict in the authorities, and it would be an idle task to review in detail the various departures. There is no ques-

tion that particular evidence is admissible to vary a writing when fraud is alleged. In discussing this subject, however, Wigmore, in his work on Evidence, states that the term "fraud" must be understood in its legitimate narrow sense, and that failure knowingly to perform an extrinsic agreement not embodied in the writing cannot in strictness be legally included in the term "fraud." (4 Wigmore on Evidence, sec. 2439.) The rule that parol evidence is admissible where there is fraud on the part of the payee at the inception of the instrument is recognized, and the doctrine of estoppel has been applied with respect to representations of a party to prevent their operating as a fraud upon one who has been led to rely upon them. This doctrine, however, has been held to have no place for application when the statements relate to rights depending upon contracts yet to be made, to which the person complaining is a party, as under such circumstances he has it in his power to guard in advance against any and all consequences of a subsequent change of conduct by the person with whom he is dealing, and to admit evidence of extrinsic agreements would be to open the door to all evils that the parol evidence rule was designed to prevent. (*Gandy* v. *Weckerly,* 220 Pa. 285 [123 Am. St. Rep. 691, 18 L. R. A. (N. S.) 434, 69 Atl. 858].) Closely allied to the question of fraud the equitable doctrine of estoppel *in pais* has been extended in later years to a variety of cases, including the question of the right of one to invoke the power of equity against a party pleading the statute of limitations, or of setting up the statute of frauds in defense of an action. Counsel for appellant contends that these cases are analogous in principle, and he relies upon the reasoning thereof in support of his contention that plaintiff is estopped from invoking the parol evidence rule to prevent him from offering to prove the alleged agreements which he claims constitutes a defense.

[3] Whether or not the reasoning in those cases is persuasive in support of the contention that under the equitable doctrine of estoppel *in pais* one may be estopped from invoking the parol evidence rule or under what circumstances the object of the parol evidence rule might be frustrated are questions that we do not deem it necessary to consider or discuss, for it is conceded that an objection based upon the rule would be good were it not for the fact relied

upon as constituting an estoppel, and we do not think that the facts alleged, evidence of which was rejected, contain the essential elements of an estoppel, or that they in any manner changed the position of defendant in the slightest degree or extent.  His act in placing the encumbrance upon his property was not at the request of or for the benefit of plaintiff or his assignor, for, so far as the record shows, the company knew nothing about it.  It was one for the benefit of defendant himself to protect his property.  Nor can the giving of the note be said to have constituted an act upon which an estoppel can be predicated, for it secured to defendant six months further time on an obligation of four years' standing.  The giving of the note was not obligatory upon him, but was an arrangement purely and exclusively for his benefit, for he was bound to pay the indebtedness for which the note was given.

To the suggestion that by this act defendant surrendered property, it may be said that the property surrendered was of no greater character than the chose in action for which it was given.

We are of the opinion, therefore, that the doctrine of estoppel *in pais* cannot here be invoked as a defense, as that doctrine has no application to the facts alleged and the question becomes one purely academic, so far as the case is concerned.  Defendant's obligation is entirely controlled by the terms of his written contract.  (*Rottman* v. *Hevener*, 54 Cal. App. 474, 485 [202 Pac. 329, 334].)  This being so, it follows that the judgment must be and it is hereby affirmed.

Kerrigan, J., and St. Sure, J., *pro tem.*, concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 25, 1923.

All the Justices concurred.