[L. A. No. 9251. Department Two.—February 23, 1928.]

NED R. PATTERSON, Respondent, v. JOHN P. MILLS ORGANIZATION, INCORPORATED (a Corporation), Appellant.

Chas. L. Nichols for Appellant.

Newcomb Condee and Vernon P. Spencer for Respondent.

LANGDON, J. — Defendant appeals from a judgment against it for $393, the amount, together with interest, paid by plaintiff upon a contract involving the purchase of real property, which contract plaintiff sought to have rescinded in the present action. Plaintiff alleged that in April, 1924, defendant represented to plaintiff that a certain piece of ground belonging to defendant in Riverside County, California, contained two and one-half acres, and plaintiff was thereby induced to purchase the same at a price of $750 per acre, or $1,875 for the parcel; that plaintiff signed an agreement, a copy of which was annexed to the complaint, and no deed for the land had been executed to him; that he paid $256.25 upon the purchase price of said land to the defendant; that in pursuance of said contract defendant thereafter requested plaintiff to sign an agreement to purchase land in Riverside County, which was not the same land which plaintiff had agreed to purchase, and, in fact, contained only 1.92 acres; that plaintiff refused to execute said agreement and notified defendant that he rescinded his former contract and demanded the return of the money paid thereunder and that defendant refused to return said amount.

The answer of defendant denied that the piece of ground described in the second contract which defendant requested plaintiff to sign was not the same piece of ground that plaintiff had theretofore agreed to purchase and denied that said piece of ground described in said second contract did not contain two and one-half acres.

The trial court found that the defendant had represented to plaintiff that the property which he was contracting to purchase contained two and one-half acres and that by said representation plaintiff was induced to purchase said property at a price of $1,875 and that plaintiff paid on account of the purchase price thereof the sum of $256.25; that thereafter defendant requested plaintiff to sign an agreement to purchase land therein described, stating that such

land was the same land described in the former agreement, which plaintiff had already agreed to purchase; that the said land was not the same land that plaintiff had agreed to purchase and that the said piece of ground contained only 1.92 acres, while plaintiff had contracted to purchase a piece of land containing two and one-half acres; that plaintiff thereupon rescinded the agreement to purchase said land and demanded the return of his money and tendered to defendant any benefits which he had received under said first agreement.

On the appeal no defense to the action on its merits is urged and the only points made upon the appeal are technical ones, to the effect that the contract sought to be rescinded was not really a contract to purchase and that the defendant acted as a sales agent for the owner of the property and was not the owner. Both objections are without merit. The contract, whether it be for the purchase of real property or an obligation to enter into a future contract for that purpose, was the subject of rescission, under the circumstances found by the court, because of the misrepresentations as to the amount of land in the parcel to be sold. Upon rescission of the contract plaintiff was entitled to have the money returned to him which he had paid thereunder. Appellant concedes this, but contends that plaintiff should have brought his action against the owner of the property; that defendant was a mere selling agent. The contract does not disclose the name of the principal, and under such circumstances the plaintiff was entitled to hold the defendant. The rule applicable here is stated in 1 Cal. Jur., page 819 et seq., section 103 et seq., as follows: "The rule has been long and continuously settled that an agent who signs his own name, instead of that of the principal, when he intends to bind the latter, becomes himself liable, the contract being considered his own. This is true where he describes himself as agent or is known to be or avowedly acts as such as well as where the existence or identity of his principal is not disclosed. No person in making a contract is considered to be the agent of another unless he stipulates for his principal by name, stating his agency in the instrument which he signs. To exclude the personal liability of an agent who signs in his own name, an intention to bind the principal must appear upon the face of the

instrument.'' The authorities cited in support of the foregoing text are abundant and conclusive.

The judgment appealed from is affirmed.

Richards, J., and Shenk, J., concurred.