[Civ. No. 9453.   First Appellate District, Division One.—December 6, 1934.]

ROSE P. VAN HAAREN, Respondent, v. WILLIAM T. WHITMORE et al., Appellants.

John C. Scott for Appellants.

Donahue, Hynes & Hamlin for Respondent.

JONES, J., *pro tem.*—This is an appeal from a judgment for the balance due on a promissory note secured by a deed of trust. The trial court gave judgment in favor of the plaintiff for the balance alleged to be due on the note and the defendants have appealed.

The record discloses that two of the defendants, Jennie Whitmore and Dr. Charles B. Moon, entered into a written contract with the plaintiff on the 21st of October, 1929, to purchase from her a parcel of real property improved with an apartment house and to pay her twelve thousand dollars therefor, eighteen hundred dollars in cash, and the balance of ten thousand two hundred dollars by a note secured by a deed of trust on the property. Subsequently, and on October 25th of the same year, the plaintiff conveyed the property to said defendants; and all the defendants, the contracting defendants and their respective spouses, executed and delivered to her the note and deed of trust.

In the month of November following, the defendants conveyed the property by deed to the Fruitvale Spiritual Church. The appellants admit the execution and delivery of the contract, deed, note and deed of trust, and also that the amount for which judgment was given in the trial court was the unpaid balance on the note after the application of the proceeds from the sale under the deed of trust.

Two defenses have been raised to the action: (1) That the defendants received no consideration for the note; and (2) that there existed a contemporaneous oral agreement whereby they were to buy the property for the Fruitvale Spiritual Church and that the church was to be the real obligor upon the note and not the defendants.

The Fruitvale Spiritual Church is not mentioned in or made a party to the note, or any of the other instruments involved in the transaction. Neither is it contended that there is anything about any of the documents by which the transaction was consummated, including the note sued on, which would indicate that the defendants executed the note for or on behalf of a principal. Considerable evidence was offered by the defendants, and admitted by the trial court subject to objection, for the purpose of showing that they were at all times acting not for themselves but for the church, and that this fact was well known to the plaintiff at the time the note was executed, and that she acquiesced in the arrangement by accepting the initial payment on the property from the church and subsequent payments on the note. Nothing appears from the evidence so admitted to indicate that any deceit was practiced upon the defendants by the plaintiff, or that she acquired any undue advantage over them by reason of mistake or otherwise. The evidence so admitted tends only to establish a contemporaneous oral agreement that the church was to be the real obligor on the note, and that the defendants were acting for it in the transaction. The trial court reserved its ruling upon this evidence until the final submission of the case, and its subsequent finding against the appellants upon the issue to which the evidence was directed was in effect a ruling excluding the evidence. (*Citizens Bank of Los Angeles* v. *Jones,* 121 Cal. 30–32 [53 Pac. 354].)

The rule is well established that extrinsic evidence is not admissible to avoid the liability of the maker of a promissory note who signs in his individual capacity, even though he was acting in a representative capacity for another at the time, when the note is not uncertain, doubtful or ambiguous. (*Crocker National Bank* v. *Say,* 209 Cal. 436 [288 Pac. 69]; *Williams* v. *Silverstein,* 213 Cal. 269–276 [2 Pac. (2d) 165].) Where, as here, it is contended that

the note is not that of the defendants, but of another, it must appear from the instrument itself that the true object and intent of it are to bind the principal and not the person who signed the note, before he can escape personal liability. (*Hobson* v. *Hassett*, 76 Cal. 203 [18 Pac. 320, 9 Am. St. Rep. 193].)  When the parties have deliberately put their agreement in writing, in such language as imports a legal consideration, it is conclusively presumed that the whole engagement and the extent and manner of their undertaking is there expressed. (*Lindemann* v. *Coryell*, 59 Cal. App. 788 [212 Pac. 47].) Since the defendants signed the note and wholly failed to indicate therein if they had a principal, or who or what the principal was, they have made themselves personally responsible for its payment.

The contention that the defendants received no consideration for the note cannot be maintained. The plaintiff parted with the title to her property to them, and the detriment suffered by her in that behalf is sufficient, even though the defendants passed the title on to another without profit.

The judgment is affirmed.

Tyler, P. J., and Knight, J., concurred.