[Civ. No. 14860. First Dist., Div. Two. Feb. 8, 1952.]

GAMBORD MEAT COMPANY (a Corporation), Respondent, v. ARCHIE CORBARI, Appellant.

Forrest E. Macomber for Appellant.

Barnett & Goodman for Respondent.

NOURSE, P. J.—Plaintiff sued on two common counts for goods sold and account stated. After an answer was filed plaintiff moved for summary judgment. This motion was

granted. In the first count the plaintiff alleged that it had sold a quantity of meat to the defendant. The admitted truth is that plaintiff sold the meat to the Nicolai Meat Company and that the defendant acted throughout as the disclosed agent of that company. When that company failed and went into bankruptcy the defendant sent his personal check to plaintiff in payment of an indebtedness of the principal for some of the meat sold. The check was returned unpaid. This check is the basis of the second course of action on an account stated.

A motion for summary judgment is based on the showing that no triable issue of fact is disclosed in the pleadings. (Code Civ. Proc., § 437c.) Here the motion rests on the rule that where an agent sends his personal check in payment of the debt of his principal the payee may disregard his knowledge of the agency and hold the agent, as on an account stated, as primarily liable where the agent's name alone appears on the written instrument. (1 Cal.Jur. 821 et seq.; *Van Haaren* v. *Whitmore*, 2 Cal.App.2d 632, 635 [38 P.2d 829]; *Patterson* v. *John P. Mills, etc., Inc.*, 203 Cal. 419, 421 [264 P. 759].

"When one issues a check upon a bank there is a dual promise implied: First, that the bank upon which it is drawn will pay the amount thereof; and, second, if such bank should fail to make the payment, the drawer will pay the same to the holder thereof." (*Bank of Venice* v. *Clapp*, 17 Cal.App. 657, 659 [121 P. 298]. See, also, *Pacific Ready-Cut Homes, Inc.* v. *Bracht*, 89 Cal.App. 250, 253 [264 P. 519].)

"There seems to be no doubt as to the right of the payee of a check, upon its nonpayment, to sue the drawer either upon the check itself or on the original consideration [citation]." (*Roff* v. *Crenshaw*, 69 Cal.App.2d 536, 540 [159 P.2d 661], citing 8 Am.Jur. 237, 238.)

Here the defendant admittedly made a mistake in failing to disclose the agency on the face of the check and he therefore became personally liable. There is no issue of fact left to be tried. The court was bound by the rule of the cases cited and these likewise control our decision.

Judgment affirmed.

Goodell, J., and Jones, J. pro tem., concurred.