[No. G004719. Fourth Dist., Div. Three. Jan. 25, 1988.]

WAJEEH MUGHRABI, Plaintiff and Appellant, v.
KAZUHIKO SUZUKI et al., Defendants and Respondents.

[Opinion certified for partial publication.*]

---

*Pursuant to California Rules of Court, rule 976(b), part I is not published, as it does not meet the standards for publication.

## COUNSEL

Ambrosi & Lavoie and Robert L. Lavoie for Plaintiff and Appellant.

No appearance for Defendants and Respondents.

## OPINION

**SONENSHINE, J.—** In this appeal, we are called upon to decide whether the treble damages provision in Civil Code section 1719[2] is manda-

---

[2] Prior to amendment in 1985 and 1986, the section provided: "Notwithstanding any penal sanctions which may apply, any person who makes, utters, draws, or delivers any check, or draft, or order upon any bank or depository, or person, or firm, or corporation, for the payment of money, which refuses to honor the same for lack of funds or credit to pay, or because the maker has no account with the drawee, and who fails to pay the same amount in cash to the payee within 30 days following a written demand therefor delivered to the maker by certified mail, *shall be liable* to the payee, in addition to the amount owing upon such check or draft or order damages of treble the amount so owing, but in no case less than one hundred dollars ($100), and in no case more than five hundred dollars ($500). [¶] A cause of action

tory or discretionary. For reasons discussed below, we conclude it is mandatory.[3]

Wajeeh Mughrabi owns and operates a small store in Santa Ana known as W.M. Market. During February 1984, 35 payroll checks issued by respondents were cashed at the market. Twenty-eight checks were endorsed by respondent Suzuki. One of these checks bore the handwritten name "Suzuki Landscaping." The remaining 27 checks contained a stamped name, "Suzuki Landscaping Ent., Inc." Respondent Kazuhiko Hashiba endorsed seven checks which were printed business checks bearing the name "Suzuki Landscaping Enterprises, Inc." in the upper left-hand corner.

All 35 checks were returned by the bank. One was stamped "Refer to Maker," and the remaining checks were stamped "Account Closed." Mughrabi sent demand letters to respondents, but no payment was made. On February 29, 1984, Suzuki Landscaping Enterprises, Inc., filed a Chapter 11 Bankruptcy petition.

Mughrabi filed a complaint in which he sought to recover the principal amount of the checks plus the statutory penalties provided in section 1719.[4] The trial court granted Mughrabi's motion for summary judgment on the principal amount but denied his request for treble damages. Mughrabi urges the treble damages are expressly provided for by the statute and the trial court erred in refusing to award them.

I*

. . . . . . . . . . . . . . . . . . .

---

under this section may be brought in small claims court, if it does not exceed the jurisdiction of that court, or in any other appropriate court." (Italics added.)

The provisions added by the amendments to section 1719 relate to the maker directing the drawee to stop payment and are irrelevant to the present issue.

All statutory references are to the Civil Code unless otherwise specified.

[3] ". . . California courts have held that constitutional and other enactments must receive a liberal, practical common-sense construction . . . . The literal language of enactments may be disregarded to avoid absurd results and to fulfill the apparent intent of the framers. [Citations.]" (*Amador Valley Joint Union High Sch. Dist,* v. *State Bd. of Equalization* (1978) 22 Cal.3d 208, 245 [149 Cal.Rptr. 239, 583 P.2d 1281]. See Code Civ. Proc., § 1858.) We do not discuss the situation where the statutory conditions have not been met. For example, where a defendant reasonably believes funds are on deposit but due to bank error, the account has not been properly credited. The Legislature has provided a period during which such a defendant could correct bank errors.

[4] Mughrabi's motion for summary judgment was opposed by Suzuki; he argued he had signed the checks in his representative capacity and should be allowed to present parol and documentary evidence at a trial on the issue of his personal liability. Suzuki did not respond to the request for treble damages.

*See footnote, *ante,* page 1212

## II

We turn now to the question of whether section 1719 mandates a trial court to award treble damages or whether a trial court retains discretion in this matter. We do not know upon what basis, if any, the trial court refused to award the damages provided for by this section. The trial court found respondents personally liable. Mughrabi's affidavit satisfied each of the elements of section 1719, and respondents did not contest the allegations. It appears the trial court believed it had discretion in the matter and exercised it adversely to Mughrabi.

Section 1719's language is unambiguous. On its face it appears to impose a mandatory obligation upon the trial court to award treble damages when the statutory conditions are met. " 'Shall' is mandatory and 'may' is permissive." (Cal. Rules of Court, rule 1202(a).)

"In order to determine whether a particular statutory provision . . . is mandatory or directory, the court, as in all cases of statutory construction and interpretation, must ascertain the legislative intent. In the absence of express language, the intent must be gathered from the terms of the statute construed as a whole, from the nature and character of the act to be done, and from the consequences which would follow the doing or failure to do the particular act at the required time. [Citation.] When the object is to subserve some public purpose, the provision may be held directory or mandatory as will best accomplish that purpose [citation] . . . ." (*Pulcifer* v. *County of Alameda* (1946) 29 Cal.2d 258, 262 [175 P.2d 1].) "If the words of the statute are clear, the court should not add to or alter them to accomplish a purpose that does not appear on the face of the statute or from its legislative history. [Citations.] Certainly the court is not at liberty to seek hidden meanings not suggested by the statute or by the available extrinsic aids. [Citation.]" *(People* v. *Knowles* (1950) 35 Cal.2d 175, 183 [217 P.2d 1].)

The manifest purpose of section 1719 is to discourage the issuance of bank checks, drafts or orders when the maker's funds are insufficient. By increasing the stakes for a defendant, it serves as a statutory incentive to refrain from the writing of bad checks. (Cf. *Gutierrez* v. *State Ranch Services* (1983) 150 Cal.App.3d 83, 85, fn. 4 [198 Cal.Rptr. 16].) In addition, "When the Legislature has, as here, used both 'shall' and 'may' in close proximity in a particular context, we may fairly infer the Legislature intended mandatory and discretionary meanings, respectively." (*In re Richard E.,* (1978) 21 Cal.3d 349, 353-354 [146 Cal.Rptr. 604, 579 P.2d 495].)

There are instances in which other factors will indicate that apparent obligatory language was not intended to foreclose a judicial officer's exercise

of discretion. (See, e.g., *Morris* v. *County of Marin* (1977) 18 Cal.3d 901 [136 Cal.Rptr. 251, 559 P.2d 606].) But, those factors are not present here. By using the mandatory language, the Legislature removed the trial court's discretion. (See fn. 3, *ante*.) Mughrabi's request for treble damages pursuant to the mandatory directive of section 1719 should have been granted.

 That portion of the judgment denying Mughrabi's request for treble damages is reversed and the trial court is directed to enter a new and different order granting the request in conformance with section 1719. In all other respects, the judgment is affirmed. Appellant to receive costs on appeal.

Wallin, Acting P. J., and Crosby, J., concurred.