[No. B084567. Second Dist., Div. One. July 13, 1995.]

SIDNEY COHEN et al., Plaintiffs and Appellants, v.
ELIOT G. DISNER et al., Defendants and Respondents.

## COUNSEL

Inman, Weisz & Steinberg, Matthew S. Steinberg and Gary A. Nye for Plaintiffs and Appellants.

Eliot G. Disner, in pro. per., Shapiro, Rosenfeld & Close, Eliot G. Disner and Elizabeth E. Webb for Defendants and Respondents.

## OPINION

**ORTEGA, Acting P. J.**—Civil Code section 1719, subdivision (a)[1] provides in part that any person who draws a check that is dishonored due to insufficient funds shall be liable to the payee for the amount owing upon the check and treble damages of at least $100, not to exceed $500.

In this section 1719 action, we conclude the maker of a dishonored check may raise defenses under the Uniform Commercial Code (Cal. U. Com. Code, § 3101 et seq., UCC) to establish that the check is unenforceable. We affirm the summary judgment for defendants.

---

[1]That subdivision provides in pertinent part: "Notwithstanding any penal sanctions that may apply, any person who makes, utters, draws, or delivers any check, or draft, or order upon any bank or depository, or person, or firm, or corporation, for the payment of money, which refuses to honor the same for lack of funds or credit to pay, or because the maker has no account with the drawee, or because the maker instructed the drawee to stop payment, and who fails to pay the same amount in cash to the payee within 30 days following a written demand therefor informing the maker of the provisions of this section, mailed to the maker by certified mail, shall be liable to the payee, in addition to the amount owing upon that check or draft or order, for damages of treble the amount so owing, but in no case less than one hundred dollars ($100), and in no case more than five hundred dollars ($500), plus the costs of mailing the written demand for payment. . . ."

All statutory references are to the Civil Code, unless otherwise specified.

## BACKGROUND

Attorney Eliot G. Disner was sued after serving as an intermediary for his clients, Irvin and Dorothea Kipnes, by tendering a check for a portion of the $961,000 settlement the Kipneses owed to Sidney and Lynne Cohen.

The Kipneses had made an initial $300,000 settlement payment to the Cohens on March 5, 1993, and their second payment of $100,100 was due on March 9, 1993. Under the settlement agreement, a missed payment would entitle the Cohens to enter judgment against the Kipneses for $1.3 million less any partial payments.

The Kipneses gave Disner checks totalling $100,100, which he deposited into his professional corporation's client trust account on March 9, 1993. After confirming with the Kipneses' bank that their account held sufficient funds, Disner wrote and delivered a trust account check for $100,100 to the Cohens' attorney, with this note: "Please find $100,100 in settlement (partial) of *Cohen* v. *Kipnes*, et al[.] Per our agreement, delivery to you constitutes timely delivery to your clients." Also typed on the check was a notation identifying the underlying lawsuit.

Without Disner's knowledge, the Kipneses stopped payment on their checks to him, leaving him with insufficient funds in the trust account to cover the check to the Cohens. The trust account check bounced; the Kipneses declared bankruptcy; and the Cohens served Disner and his professional corporation (jointly, Disner) with the statutory demand for payment under section 1719. The Cohens sought the amount written on the check plus the $500 statutory penalty authorized under section 1719.

Both sides moved for summary judgment. The trial court denied the Cohens' motion and entered summary judgment for Disner, reasoning he is not liable on the check because he was a mere conduit or agent for transferring money from the Kipneses to the Cohens. The Cohens appealed from the judgment.

## DISCUSSION

Summary judgment is appropriate only where no material issue of fact exists or where the record establishes as a matter of law that a cause of action asserted against a party cannot prevail. After examining the facts

before the trial judge on a summary judgment motion, an appellate court independently determines their effect as a matter of law. (*Nicholson* v. *Lucas* (1994) 21 Cal.App.4th 1657, 1664 [26 Cal.Rptr.2d 778]; *Bonus-Bilt, Inc.* v. *United Grocers, Ltd.* (1982) 136 Cal.App.3d 429, 442 [186 Cal.Rptr. 357].)

The Cohens do not dispute on appeal that Disner was a mere conduit or agent for transferring funds.[2] They contend his representative status and motivations for transferring the funds are irrelevant. According to the Cohens, section 1719 imposes strict liability against the maker of a check drawn on an account lacking sufficient funds.

Their contention of strict liability is based on legislative omission. While the UCC permits the maker of a dishonored check to prove that he signed in a representative capacity and that the holder in due course took the check with notice of the representative's lack of liability (UCC, § 3402, subd. (b)(2), sometimes hereinafter referred to as the "representative capacity" defense), section 1719 does not mention this defense. Section 1719 articulates only a "stop payment" defense which is irrelevant because Disner failed to stop payment on the trust account check.[3]

The law of negotiable instruments is, of course, far broader than section 1719 alone. Even without section 1719, a payee may sue on an instrument for the amount due on a dishonored check (UCC, § 3414, subd. (b)(1)). Such an action, however, would not provide for the $500 treble damages which section 1719 added to the existing civil enforcement scheme. We must decide whether by adding a $500 civil penalty, a relatively minor sum in

---

[2]Under the Rules of Professional Conduct, attorneys are required not to commingle funds kept in client trust accounts. (Rules Prof. Conduct, rule 4-100.) On this record, reasonable minds must agree the trust account check was intended to be written on funds belonging to the Kipneses, not to Disner. Had the Kipneses' checks to Disner been credited to the trust account, Disner would not have been entitled to those funds for his personal use. Accordingly, his signature on the trust account check was only lawful if it was affixed in a representative capacity. The Cohens do not claim he signed it in any other capacity. We thus conclude Disner's signature is the authorized signature of the represented party under UCC section 3402, subdivision (a).

[3]Section 1719, subdivision (a) provides in relevant part: "[T]here shall be no cause of action under this section if a maker stops payment in order to resolve a good faith dispute with the payee. The payee is entitled to the damages only upon proving by clear and convincing evidence that there was no good faith dispute, as defined in subdivision (b)."

Subdivision (b) defines a "good faith dispute" as an issue of fact based on the maker's "reasonable belief of his or her legal entitlement to withhold payment. Grounds for the entitlement include, but are not limited to, the following: services were not rendered, goods were not delivered, goods or services purchased are faulty, not as promised, or otherwise unsatisfactory, or there was an overcharge."

cases involving dishonored checks for large amounts, the Legislature eliminated standard defenses from section 1719 that are otherwise available under the UCC.

The Cohens rely on the rule of construction that section 1719 is a more specific statute relating to a particular subject that should govern over more general statutes such as the UCC. (See *Schmidt* v. *Southern Cal. Rapid Transit Dist.* (1993) 14 Cal.App.4th 23, 27 [17 Cal.Rptr.2d 340].) We must not ignore, however, another rule that the Legislature is assumed to have existing laws in mind when it enacts a new statute. (*Ibid.*) Section 1719 was enacted in 1983, decades after the UCC defenses (presently codified at UCC, § 3305) were enacted.

The UCC recognizes the complexity of commercial transactions beyond the few good faith disputes mentioned in section 1719. For example, as against a holder in due course,[4] the UCC permits the maker to assert defenses of infancy, duress, lack of legal capacity, illegality of the contract, fraud in the inducement, or discharge in bankruptcy proceedings. (UCC, § 3305, subd. (a).) If we were to accept the Cohens' position that section 1719 is a strict liability statute (with the sole exception of the stop payment defense), we would create a conflict with the preexisting law of negotiable instruments. "Where possible, the goal of the courts is to achieve harmony between conflicting laws [citation], and avoid an interpretation which would require that one statute be ignored. [Citations.]" (*Schmidt* v. *Southern Cal. Rapid Transit Dist.*, *supra*, 14 Cal.App.4th at p. 27.)

Nothing in section 1719 affirmatively supports the Cohens' contention that the "representative capacity" and other UCC defenses were written out of section 1719. On the contrary, the express language of subdivision (a) compels us to the opposite conclusion.

Section 1719 imposes liability for "*the amount owing upon* that check." (§ 1719, subd. (a), italics supplied.) The plain meaning of "to owe" is "*to be under obligation* to pay or repay in return for something received." (Webster's New Internat. Dict. (3d ed. 1976), p. 1612, italics supplied.) By appropriate substitution, section 1719 may be read as imposing liability for the amount the maker is under obligation to pay upon the check, plus treble damages to $500.

---

[4]For the purposes of this appeal, we assume the Cohens are holders in due course. (UCC, § 3302, subd. (a).)

By acknowledging there must be an enforceable obligation to pay, section 1719 echoes the UCC, which precludes recovery where the payee has no "right to enforce the obligation of a party to pay an instrument." (UCC, § 3305, subd. (a).) If the maker has no enforceable obligation to pay a dishonored check, there is no amount "owing upon that check" under the plain language of section 1719.

Section 1719 thus implicitly acknowledges the difference between "the amount owing upon" a check and "the amount written upon" a check. The former term, which is used in section 1719, implies the maker may litigate the enforceability of his obligation to pay the check, whereas the latter term would preclude such a defense. Had the Legislature intended section 1719 to be a strict liability statute, it would have imposed liability for "the amount written upon that check" rather than "the amount owing upon that check." As worded, section 1719 may readily be harmonized with the UCC to impose liability only when there is an enforceable obligation to pay the check.

The Cohens' reliance on *Mughrabi* v. *Suzuki* (1988) 197 Cal.App.3d 1212 [243 Cal.Rptr. 438] is misplaced. The published portion of that opinion dealt with the "question of whether section 1719 mandates a trial court to award treble damages or whether a trial court retains discretion in this matter." (*Id.* at p. 1215.) It accepted without published discussion that there was an amount owing upon the dishonored check. With that premise in mind, the court stated: "Section 1719's language is unambiguous. On its face it appears to impose a mandatory obligation upon the trial court to award treble damages when the statutory conditions are met. ' "Shall" is mandatory and "may" is permissive.' (Cal. Rules of Court, rule 1202(a).)" (*Ibid.*)

*Mughrabi*'s holding that the trial court must award treble damages when it finds liability under section 1719, does not preclude the court from determining that there is no liability. We distinguish *Mughrabi* because it did not address the applicability of UCC defenses to a section 1719 action.

We also distinguish another case cited by the Cohens, *Gambord Meat Co.* v. *Corbari* (1952) 109 Cal.App.2d 161 [240 P.2d 342]. The Cohens rely on it for the proposition that the maker must disclose the agency on the face of the check in order to avoid personal liability even though he signed the check in a representative capacity only. The "representative capacity" defense subsequently enacted in 1992 (UCC, § 3402, subd. (b)(2)) now provides that the maker may avoid personal liability in certain instances where the represented person is not identified in the instrument. One of those instances is where, as here, the representative's signature constitutes the

authorized signature of the represented party, and the holder in due course took the instrument with notice that the representative was not intended to be liable on the instrument. (*Ibid.*)

■ We reject the Cohens' assertion in their reply brief that the "representative capacity" defense is inapplicable here because the conditions of UCC section 3402, subdivision (c) have not been met. That subdivision provides: "If a representative signs the name of the representative as drawer of a check without indication of the representative status and the check is payable from an account of the represented person who is identified on the check, the signer is not liable on the check if the signature is an authorized signature of the represented person."

According to the official code comment on that subdivision: "Subsection (c) is directed at the check cases. It states that if the check identifies the represented person[,] the agent who signs on the signature line does not have to indicate agency status. Virtually all checks used today are in personalized form which identify the person on whose account the check is drawn. In this case, nobody is deceived into thinking that the person signing the check is meant to be liable. . . ." (23B West's Ann. Cal. UCC (1995 pocket supp.) § 3402, p. 60.)

As we understand it, the Cohens' assertion is that because UCC section 3402, subdivision (b)(2)'s "representative capacity" defense is "subject to" subdivision (c), Disner may not be relieved of liability unless he fulfills the requirements of the subdivision (c) defense. We do not read subdivisions (b)(2) and (c) in that restrictive manner. In our view, any finding of liability under UCC section 3402, subdivision (b)(2) is subject to subdivision (c)'s additional exception that the representative is not liable if he signed his name on a personalized check identifying the account of the represented person. Subdivision (c) expands rather than contracts the representative's defenses.

■ We conclude that section 1719, by its clear and unambiguous language, permits the maker of a dishonored check to prove he has no enforceable obligation to pay the check.

Having rejected the Cohens' legal contention that section 1719 is a strict liability statute, we conclude as a matter of law that no amount is owing on the check under section 1719. We reject Disner's request for sanctions on appeal (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637 [183 Cal.Rptr. 508, 646 P.2d 179]).

## Disposition

We affirm the summary judgment for defendants. Defendants are awarded costs on appeal.

Vogel (Miriam A.), J., and Masterson, J., concurred.