[No. 7,112—Department One.]

59   183
110   263

59   183
141   734

## SAN JOSE SAVINGS BANK v. W. H. STONE.

PROMISSORY NOTE—ORAL TESTIMONY TO VARY WRITTEN CONTRACT—BURDEN OF PROOF—EVIDENCE.—In an action upon a promissory note, the defendant pleaded that the note was executed and delivered as security for any sum of money which might be found due upon the settlement of a current account between the parties, and that it was mutually agreed, that the giving of the note should not be considered a settlement of the account, or as evidencing the fact of any sum of money being due thereon, but the account should be settled as though the note had not been given, and the note should then be delivered up.

*Held:* Any agreement or understanding between the parties to the note, if such had been made, that it should not be considered a promissory note, or enforced as such, for what it was given to secure, would be *nudum pactum.*

The only question was, whether there were any errors in the account, for the settlement of which the note was given; and on this the burden of proof was on the defendant.

APPEAL from a judgment for the plaintiff in the Twentieth District Court, County of Santa Clara, and from an order denying a new trial in the Superior Court of the same county. BELDEN, J.

*J. Alexander Yoell,* for Appellant.

The Court erred, in deciding that the burden of proof was upon the defendant, to show the state of the account between plaintiff and defendant. According to the terms of the agreement upon which the note was given, no action was maintainable by plaintiff on the note until such accounting had been had; therefore, before the plaintiff could recover, it was necessary to show that an accounting had been had; and upon such issue the burden of proof was necessarily upon the plaintiff, as will be more clearly shown hereafter. No finding was ever made by the Court upon the defense set up by the answer in regard to this agreement. (*Baggs* v. *Smith,* 53 Cal. 88; *Knight* v. *Roche,* 56 Cal. 15; *Paulsen* v. *Nunan,* 54 id. 123; *Billings* v. *Everett,* 52 id. 661.)

*Thomas H. Williams,* also for Appellant.

*Houghton & Reynolds,* for Respondent.

McKEE, J.:

The action out of which this case arises was upon a promissory note, executed by the defendant and delivered to the plaintiff, for fourteen thousand nine hundred and fifty-six dollars and eighty-six cents, payable to the order of the plaintiff on November 5th, 1878. In his answer, the defendant denied indebtedness upon the note, and ownership by the plaintiff, and by way of separate defense, averred, that the note had been executed and delivered as security for any sum of money, which might be found due to the plaintiff, upon settlement of an open, current, and mutual account which existed between the parties concerning certain deposits made by the defendant from time to time with the plaintiff, as his banker, and certain sums of money paid by the plaintiff from time to time for and on account of the defendant. But the note, though executed and delivered for that purpose, was not to be considered as a settlement of the account, nor as evidence of the amount due upon it. It was to be settled as though the note had not been given; and upon the settlement and ascertainment of the balance due, the note was to be delivered up to the maker. It was further averred that

at the commencement of the action, the account had not been settled, and that, on the day of the execution of the note, the plaintiff was indebted to the defendant on a settlement of said account fifteen thousand three hundred and seventy-seven dollars, for which the latter asked judgment.

Upon the trial of these issues the plaintiff produced the note, proved its execution, and the payment of several sums which were credited upon it, after which the defendant proved that the books of the bank, in connection with the pass-books and checks of the defendant, had been examined by an accountant and expert in book-keeping, who found a few errors in the account between the plaintiff and the defendant, principally in the computation of interest on account of taking wrong dates; these errors amounted to about thirty-six dollars. It also appeared that the transactions of the defendant with the bank, for a number of years, consisted, principally, of deposits made by him from time to time; of checks drawn by him on his own account; of checks left by him in the bank for collection; and of drafts drawn in his favor by third parties, which were sold and assigned by him to the bank. Whenever the defendant made deposits of money, which were to be applied to his credit upon the books of the bank, they were first entered, at the time the deposits were made, in the defendant's pass-book, and then the amount of the deposit and the name of the defendant, as depositor, were entered upon a bank-tag, from which the amounts were, at the close of the business hours of each day, transcribed upon the account of the depositor in the books of the bank, and also entered among the items of the cash account of the bank. Of the drafts drawn in the defendant's favor and deposited with the plaintiff, many appear to have been drawn by a banking-house in San Francisco; and for most of them, credit was given by the plaintiff both upon the books of the bank and the pass-books of the defendant. But there were seven checks aggregating nine thousand four hundred and fifty dollars, which happen to have been so drawn and to have been paid, for which no credit appears either in the bank-books or the pass-books; and it is claimed by the defendant that he was entitled to a credit, upon his account with the bank, of that sum of nine thousand four hundred

and fifty dollars, and also for the sum of three thousand five hundred dollars, which, he claims, had been paid to the bank on his account by one Reeve, August 6th, 1873. But the Court below found that the three thousand five hundred dollars had not been paid to the bank on account of the defendant, and that the drafts drawn by third parties in favor of the defendant, aggregating the sum of nine thousand four hundred and fifty dollars, were sold by him to the bank, for which he received at the time of the sale their face value; and, after allowing the credits which were indorsed upon the note, and the error in the computation of interest, the Court gave judgment for the plaintiff, for the balance due upon the note.

The defendant assigns as errors, that the findings as to the two items of nine thousand four hundred and fifty dollars and three thousand five hundred dollars are not sustained by the evidence ; and that the Court did not find at all whether the note had been given for merely a temporary purpose, upon the accomplishment of which it was to be returned to the defendant.

As to the first, the evidence was conflicting; and it was sufficient to justify the Court in finding, as it did, that the drafts were sold by the defendant to the bank, and were not deposited or paid on his account; and that the money had not been paid by Reeve to the bank on the defendant's account. On both these questions, indeed, the evidence seems preponderant, and the defendant was not entitled to either of the items as a credit on his account.

As to the second, the Court found that on November 4th, 1878, in a general settlement of the account between the parties, the bank claimed that the defendant owed it a balance of fourteen thousand nine hundred and fifty-six dollars and eighty-six cents, for which it drafted the note in suit, which was signed and delivered by the defendant; but at the time of the delivery of the note, it was agreed that "errors of any character found in the account might be afterwards corrected, and should be corrected without regard to the fact of the execution of the note or the amount stated in it." No objection is made to this finding, except that it is not found that the note was given for a temporary purpose and was to be returned to the defendant. If that fact had been found, it is

contended that the defendant would have been entitled to judgment, because upon the ascertainment of the fact, the plaintiff would have been in law remitted to his remedy upon the balance due upon the account, and the Court would have been bound to dismiss the action upon the note. But if the fact had been found, that result would not necessarily have followed; for as the defendant admitted by his pleading, that the note had been given to secure any balance which might be found due upon a correct settlement of the account, it is difficult to see how that object was attainable by a return of the security upon the ascertainment of the fact. The general settlement of the account furnished a sufficient consideration for the note to render it enforceable; and any agreement or understanding between the parties to it, if such had been made, that it should not be considered a promissory note, or enforced as such for what it was given to secure, would be *nudum pactum.* Having been given to secure payment of the balance supposed to be due in the general settlement of the account—errors excepted—there was no uncertainty as to its object or meaning; and it must be presumed that it contained the entire contract between the parties. (*Burnett* v. *Stearns,* 33 Cal. 473.) And while oral evidence was admissible to prove the consideration of the note and any errors in the account, which constituted the consideration, and thus to reduce the amount of the note so as to make the amount correspond with the balance of the account after errors in it were corrected, yet it was not admissible to prove that the note itself was not what it purported to be, or that it was not payable before suit was brought, according to its terms, or at some other indefinite period, or that it was payable upon a contingency, or was to be surrendered upon the happening of a contingency. (*Heaverin* v. *O'Donnell,* 7 Smed. & M. 244; *Dale* v. *Pope,* 4 Litt. 166.) No such issue was or could be tendered by the answer. (2 Parsons on Notes, 501; 1 Daniel's Negotiable Insts. 63.) The finding of such a fact would be, therefore, unnecessary and useless, because not within any issue involved in the case. The only question was, whether there were any errors in the account, for the settlement of which the note was given, and the burden of proof on that

question was upon the defendant. There is no error in the record.

Judgment and order affirmed.

ROSS, J., concurred in the judgment.

McKINSTRY, J., concurring:

I concur. A finding that it was agreed, in case any error was discovered in the account, the note should be returned and plaintiff be remitted to its action upon the balance of account, would not be in accord with the fact. There was no such agreement. The note was to stand for the balance of the account, with the right in defendant to *recoup* to the extent of any error ascertained—to show a partial failure of consideration by proving such error.