[L. A. No. 321.   Department Two.—March 25, 1898.]

F. A. LEONARD, Assignee, etc., of F. A. Miner, an Insolvent Debtor, Plaintiff, v. F. A. MINER et al., Defendants, and E. C. SINGLETARY, Intervenor, Appellant, v. F. A. MINER et al., Respondents.

INSOLVENCY—PROMISSORY NOTE—EVIDENCE.—In an action by a payee of a promissory note, to set aside a conveyance executed by one of the makers thereof, on the ground that such conveyance was made while he was insolvent and with the intent to defraud his creditors, evidence is inadmissible on behalf of such maker of any oral agreement entered into before or at the time of the execution of the note whereby his liability thereon was limited or conditioned.

APPEAL from a judgment of the Superior Court of San Bernardino County and from an order refusing a new trial. George E. Otis, Judge.

The facts are stated in the opinion.

Goodcell & Leonard, for Appellant.

Curtin & Curtin, for Respondents.

SEARLS, C.—This action was brought April 22, 1895, by F. A. Leonard, assignee of the estate of F. A. Miner, an insolvent debtor, to set aside a conveyance from said F. A. Miner, insolvent, to Etta B. Miner, his wife, of a tract of land situate in the county of San Bernardino, upon the ground that said conveyance was made with the intent to defraud the creditors of said insolvent, F. A. Miner.

E. C. Singletary, a creditor of F. A. Miner, intervened in the action setting up the fraudulent conveyance, and praying that

such conveyance be adjudged fraudulent and void as to intervenor and other creditors; that a receiver be appointed to take charge of and sell the property, etc. The defendants F. A. Miner and Etta B. Miner answered.

The action was dismissed as to the plaintiff F. A. Leonard, upon the ground that the alleged fraudulent conveyance was made more than one month before the filing of the petition in insolvency, and hence that under section 55 of the Insolvent Act of 1880 (Stats. 1880, p. 96) he was not entitled to maintain the action.

A jury was impaneled, and the following special issue submitted for determination, viz: "Was the conveyance mentioned in the pleadings in this case made by F. A. Miner to his wife, Etta B. Miner, made with the intent on the part of said F. A. Miner, at the time of such conveyance, to delay or defraud any creditor of said F. A. Miner?" The answer of the jury was, "No."

The court approved the finding of the jury, and made other and additional findings, upon which judgment went for the defendants.

Intervenor E. C. Singletary appeals from the judgment and from an order denying his motion for a new trial.

The court found that F. A. Miner and A. B. Miner (his father) on October 2, 1891, made their joint and several promissory note to E. C. Singletary, the plaintiff in intervention, in the sum of seven thousand dollars, with interest, etc., payable March 17, 1892, which note is due and payable, etc. On the 22d of March, 1892, the same parties made another promissory note to Singletary for one thousand dollars, which is also due and unpaid, with interest, etc.

That on the eleventh day of September, 1893, the defendant F. A. Miner, was the owner of the lot of land described in the complaint in intervention, and on which there was a mortgage given by said F. A. Miner to Mrs. H. N. Burrall, to secure the sum of fifteen hundred dollars.

Miner, on said last-mentioned day, conveyed the land to Etta B. Miner, his wife, in consideration of love and affection; she, the said Etta, assuming and agreeing to pay off the Burrall mortgage. F. A. Miner was at the date of the conveyance insolvent,

but, according to the finding, was ignorant of that fact. The foregoing conclusion seems to have been based on the following circumstances:

That he signed the two notes to Singletary is admitted, but it is found that A. B. Miner, the father of defendant, borrowed the money from Singletary for which the notes were given, and gave as security for their payment one hundred and sixty-five shares of the capital stock of the Colton Packing Company (a corporation), of the par value of sixteen thousand five hundred dollars, owned by said A. B. Miner. The finding then proceeds as follows:

"That after said A. B. Miner had arranged with said Singletary, at San Jose, California, for the borrowing of the sum of seven thousand dollars, and the execution of said first-mentioned promissory note, and the pledging of said one hundred and sixty-five shares of the capital stock of said Colton Packing Company to secure the payment thereof, said A. B. Miner returned to Colton, California, where said F. A. Miner then was, and informed said F. A. Miner that said Singletary desired him, the said F. A. Miner, to sign said first-mentioned note with the express understanding between said Singletary and said F. A. Miner, that he, the said F. A. Miner, should not be personally bound or obligated by reason of his signature to said first-mentioned note, but that his said signature should be deemed and considered by all parties to said note as given for the sole purpose of binding the estate of said A. B. Miner, in case of the death of said A. B. Miner; that thereupon, at said Colton, said F. A. Miner, relying upon said representations, signed his name to said first-mentioned note; that said F. A. Miner did not, at the time of signing said first-mentioned promissory note, intend thereby to bind himself personally on said note, and did not then, or at any time prior to the eleventh day of January, 1895, consider himself to be personally bound or obligated on said first-mentioned promissory note."

There is a similar finding as to the second note. To the introduction of the evidence upon which the above finding is based counsel for the intervenor objected, and upon his objections being overruled, reserved exceptions. These rulings are assigned as error.  .  .

It is a thoroughly well-settled principle of evidence that a written contract cannot be contradicted or varied by evidence of an oral agreement entered into by the parties before or at the time of making such a contract; consequently, parol evidence of an oral agreement alleged to have been made at the time of the drawing or making of a bill of exchange or promissory note cannot be admitted to vary, qualify, or contradict, or add to, or subtract from, the absolute terms of the written instrument. (2 Parsons on Bills and Notes, 501.)

As was said by Lord Coke in *Rutland's case*, 5 Coke, 25: "It would be inconvenient that matters in writing, made by advice, and on consideration, and which finally import the certain truth of the agreement of the parties, should be controlled by averment of the parties to be proved by the uncertain testimony of slippery memory."

Evidence of a contemporary oral agreement between the parties to a bill or note, whereby the order or promise contained in the instrument is rendered null or conditional, or whereby the fact of payment is made to depend upon some contingent future event, comes within the same principle. (*Burnes v. Scott*, 117 U. S. 582; *Harvey v. Laflin*, 2 Ind. 477; *Perry v. Bigelow*, 128 Mass. 129; *Jones v. Shaw*, 67 Mo. 667; *Brown v. Hull*, 1 Denio, 400; *Erwin v. Saunders*, 1 Cow. 249; 13 Am. Dec. 520; *First Nat. Bank v. Foote*, 12 Utah, 157.)

We know of no subject upon which the authorities are more numerous and uniform than that indicated above. These remarks have no application to cases where the consideration of a promissory note is the subject of inquiry, or to cases of fraud or mistake.

Counsel for respondents seek to uphold the rulings of the court by showing that the objections to the evidence were not sufficiently specific and certain to serve as a basis upon which to assign error. We cannot concur with them in this respect. The objections were in various forms, to numerous questions; counsel moved to strike out from the deposition of A. B. Miner so much of a former answer (just read) as related to the understanding with which and the purpose for which F. A. Miner was to sign the note, upon the ground that it was incompetent and irrelevant. Again, counsel objected to further testimony of

like character in the same deposition as incompetent, etc.  It is true the making of the notes by defendant was admitted, and his liability thereon was found by the court.

The testimony was, however, important as laying the foundation of the finding that the defendant did not at the time of the transfer of the property to his wife know or consider himself as liable on the notes, and hence that no deduction or presumption can arise that he intended to defraud the payee thereof by his conveyance.  We think that when he became a maker of the notes he became primarily liable thereon, and that he must be presumed (in the absence of fraud or mistake) to have known the legal effect of his act, and that the admission of evidence tending to show an understanding on his part at variance with the plain tenor and effect of the notes, and the refusal to strike out like evidence, was error.

This view renders an examination of the other errors assigned unnecessary.

We recommend that the judgment and order appealed from be reversed and a new trial ordered.

Haynes, C., and Belcher, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are reversed and a new trial ordered.

McFarland, J., Temple, J., Henshaw, J.