[Civ. No. 1239.   First Appellate District.—May 10, 1913.]

J. L. KELLEY, Respondent, v. E. J. HAMPTON, Defendant
and Appellant; L. J. FENTON, Defendant.

ASSIGNMENT FOR COLLECTION—ACTION BY ASSIGNEE—FINDINGS.—In an
action on a claim for goods sold and delivered, findings that the
claim was assigned to the plaintiff, and that the assignment was
for collection only, will support a judgment for the plaintiff.

ID.—EFFECT OF ASSIGNMENT—PASSING TITLE.—An assignment for col-
lection, without any consideration being paid by the assignee, vests
the legal title in the assignee, which is sufficient to enable him to
recover, though the assignor retains an equitable interest in the
thing assigned.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco.   J. D. Murphey, Judge
presiding.

The facts are stated in the opinion of the court.

H. S. Craig, for Appellant.

H. W. Hutton, for Respondent.

HALL, J.—This is an appeal from a judgment rendered
against appellant, and comes to this court upon the judgment-
roll alone.

The action is in the usual and ordinary form brought by
the plaintiff upon an assigned claim for goods sold and de-
livered at an agreed price by plaintiff's assignor to defendants.

The court found all the issues against appellant, but found
in favor of his codefendant.

Besides finding in strict accordance with the allegations of the complaint that the claim was assigned to plaintiff, the court further found that such assignment was for collection only. It is upon this finding that appellant bases an argument that the judgment in favor of plaintiff is not supported by the findings. But an assignment for collection, without any consideration being paid by the assignee, vests the legal title in the assignee, which is sufficient to enable him to recover, though the assignor retains an equitable interest in the thing assigned. This is of no concern to the debtor. (*Greig* v. *Riordan,* 99 Cal. 316, [33 Pac. 913].)

No other point is presented by the record or urged for a reversal; and the judgment is therefore affirmed.

Lennon, P. J., and Kerrigan, J., concurred.