[Civ. No. 2009.    Second Appellate District.—November 17, 1916.]

CONSOLIDATED LUMBER COMPANY (a Corporation), Respondent, v. WILL L. FREW et al., Appellants.

PROMISSORY NOTE—SETTLEMENT OF CLAIM FOR LUMBER—SHORTAGE IN QUANTITY — ESTOPPEL — BURDEN OF PROOF.—In an action on a promissory note where the evidence shows that the creditor agreed to accept payment of a certain percentage of a claim for lumber sold and to extend the time of payment on the balance for a year, holding a transfer of a lease as security in the meantime, in consideration of which liens for the claim were canceled, and thereafter the lease was reassigned to the debtor at its request and two promissory notes executed, one of which was paid when due, the latter being the one in suit, under the circumstances defendant, if not estopped to dispute the fact that all the lumber was delivered as claimed, at least had the burden of proving by satisfactory evidence that some part of it was not delivered.

ID.—EVIDENCE—ADMISSION OF EXHIBITS.—Where the record shows that certain exhibits "were introduced in evidence and marked for identification," it cannot be successfully contended that the exhibits were merely produced for identification.

ID.—ORAL EVIDENCE—CONTRADICTION OF WRITING.—In an action on a promissory note given on a claim for lumber sold, evidence that

the note was given subject to the terms of an oral understanding that a deduction would be made on account of some quantity of lumber not delivered, is inadmissible where it is not claimed that the note was obtained by fraud, or that by reason of any mistake the parties failed to understand the writings signed by them.

APPEAL from an order of the Superior Court of Los Angeles County granting a new trial. E. P. Unangst, Judge presiding.

The facts are stated in the opinion of the court.

Andrew M. Strong, for Appellants.

Frank D. McClure, for Respondent.

CONREY, P. J.—This is an appeal by the defendants from an order granting plaintiff's motion for a new trial. The action is one to recover judgment for seven thousand five hundred dollars, with interest, upon a note dated September 30, 1911, made by the defendants in favor of plaintiff's assignor, one E. U. Wheelock. Execution and delivery of the note are admitted, as well as nonpayment thereof. A reduction is claimed on account of a so-called partial failure of consideration, the defendants offering to pay a sum slightly less than four thousand dollars, together with interest thereon from date of the note to date of the commencement of the action. The case was tried to a jury which returned a verdict for only six thousand dollars, whereas the plaintiff contends for the entire indebtedness shown on the face of the note.

In December, 1910, the Consolidated Lumber Company and the Watts Lumber Company sold and delivered to the defendant American Aeroplane Company lumber which was used in the construction of grandstands, hangars, and other structures on certain land known as Dominguez Aviation Field in Los Angeles County. Bills were rendered to the defendant company for such lumber, amounting to 648,710 feet, being the aggregate amount of the deliveries severally claimed to have been made by the lumber companies. The defendant company held a lease on the Dominguez Aviation Field lands whereon the structures above named had been erected. The defendant company having failed to make prompt payment for its lumber, claims of lien against that property were filed

by the lumber companies. Shortly before the time limited by law for the commencement of actions for the enforcement of such liens, conferences were held between the representatives of the lumber companies and of the aeroplane company, which resulted in a settlement made for the purpose of preventing foreclosures. Mr. Will L. Frew was a director and was secretary of the American Aeroplane Company, and seems to have represented that company in its dealings with the lumber companies when the lumber was ordered and delivered, and also in the subsequent settlement. As witness for the defendant company, Mr. Frew stated that Mr. Wheelock, who was representing the lumber companies, made a proposition that if the defendant company would pay forty per cent of the face of the claim, he would allow it to stand for a year on the condition that he would hold a transfer of the lease as security, and any time before the expiration of that year the debtor could pay the amount or adjust the amount of the claim and the lease would be transferred back. This testimony was received subject to all legal objections which might be made to it. There was a stipulation covering such objections, both on general grounds and upon the special ground that such testimony tended to vary, modify, and alter the terms of the written contract between the parties, and that by reason of the acts, declarations, and transactions of the defendants they were estopped from proving or offering to prove a shortage of lumber delivered to the defendant company. Following upon the negotiations above mentioned, the defendant company did pay forty per cent of the claim, and the defendant corporation executed an unconditional transfer of its lease to Wheelock in his own name, but really as trustee for the Consolidated Lumber Company, and the recorded lien claims were canceled. This transfer was made on April 25, 1911. It should be noted that on account of some objections made by Wheelock to the original lease held by the defendant company, a new arrangement was made, by consent of all the parties, with the lessors, whereby the old lease was canceled and a new lease made to the defendant company, which was dated and executed on April 25, 1911, and it was that lease which was on that day assigned by the defendant company to Wheelock. At the same time Wheelock executed to the defendant company a sublease of the property, which sublease recited Wheelock's ownership

of the lease and provided that upon payments being made to Wheelock in the aggregate sum of $7,924.39, with interest as specified, on or before November 1, 1911, and further performing the conditions of the lease, Wheelock in consideration of one dollar agreed to assign and sell the buildings, structures, and lease to the defendant corporation. It was provided that upon failure of the defendant corporation to make such payments and perform the conditions of the lease, its right to purchase the property and lease should terminate.

In September, 1911, the defendant company desired to have the lease returned and asked Wheelock upon what condition it could be released. Negotiations followed, as a result of which the lease was transferred by Wheelock to the defendant corporation and that corporation, together with the other defendants in this action, executed to Wheelock two notes. One was for $724.19, which was paid when due; the other was the seven thousand five hundred dollar note which is the subject of this action. Subject to like objections as those above stated, Will L. Frew was permitted to testify that at the time of negotiating the above-noted transactions of April 25, 1911, and also in September in connection with the execution of the notes, Frew and Mr. Temple, the president of defendant corporation, made a claim that there had been a shortage in the amount of lumber delivered, and were assured, both in the April and September transactions, that an adjustment would be made on account of any deficiency in the amount of lumber that had been delivered. Frew testified that as early as January, 1911, when Mr. Wheelock had asked Frew and Temple when the bill would be paid, the following occurred: "We told him we did not know, and that the bill was larger than we anticipated, more lumber than we looked for, and it was more than we expected to have to pay. We made our estimates from the architect's figures, and had not anticipated nearly that much, and we told him that we were sure that there was an error somewhere in the amount of the lumber delivered." He said that Wheelock told him in reply that, "When you get ready to settle the bill we will look after the adjustment." The court further permitted the defendants to introduce testimony of sundry witnesses for the purpose of showing that there were deficiencies in the amounts of lumber delivered, such deficiencies corresponding in value to the deduction claimed by the defendants in their answer as an

offset to the note. The court having overruled plaintiff's objections to all of this testimony, the plaintiff introduced a considerable amount of evidence for the purpose of showing that all of the lumber was delivered. Also, Wheelock denied all of the statements above noted concerning objections to the account and any promised adjustment thereof. Counsel for appellants asserts that the testimony as to the alleged shortage of lumber is uncontradicted and that there is no evidence of any delivery of lumber to the appellants. As to certain exhibits which were duplicates of bills rendered to the defendant company promptly after the time when lumber was delivered, counsel claims that they were never received in evidence. In this he is mistaken. The record shows that the exhibits "were introduced in evidence and marked for identification." This does not correspond with counsel's claim that they were merely produced for identification without being introduced in evidence. Moreover, further progress of the trial clearly shows that these documents were treated as in evidence. It would require a very long statement to develop here the particulars in which the evidence was conflicting. In view of the transactions occurring between the parties in April, 1911, and in September, 1911, finally culminating in the execution of the note in suit here, the defendants thereby admitted that the lumber was delivered for which this note represents the unpaid balance of the purchase price. If defendants were not thereby estopped to dispute the matter any further, at least the burden would be upon the defendants to overcome that admission by satisfactory evidence that some part of it was not delivered. From our inspection of the evidence, we are not inclined to the opinion that the judge who tried this case misused the discretion vested in him, if insufficiency of the evidence to sustain the verdict was actually the ground which moved him to make the general order which was made granting a new trial of the case.

But we also think the court erred in admitting the testimony introduced for the purpose of showing that the note was given subject to the terms of an oral understanding or agreement that a deduction would be made on account of some quantity of lumber not delivered. Since the defendants were not claiming that the note was obtained by fraud, or that by reason of any mistake the parties failed to understand the terms of the writing signed by them, all testimony offered

by the defendants to contradict the terms of the note should have been excluded.

The order granting a new trial of this action is affirmed.

James, J., and Shaw, J., concurred.