[Civ. No. 3762.   Third Appellate District.—July 29, 1929.]

F. J. WRIGHT, Respondent, v. GEORGE J. SHOENHAIR, Appellant.

Frank W. Wheeler and Charles W. Hackler for Appellant.

Perry F. Backus, Leonard Wright and Turrentine & Wright for Respondent.

PRESTON (H. L.), J., *pro tem.*—This is an appeal by defendant, George J. Shoenhair, from a judgment entered against him upon a promissory note for $6,000, together with interest, costs and attorney's fees.

In the spring of 1921 appellant, George J. Shoenhair, was in Atlantic, Iowa, trying to negotiate an exchange of several pieces of land owned by him in California, with a man named Chunning, for lands and securities in North Dakota. While in Iowa, appellant met Peter Hopley, an old acquaintance, who owned 160 acres of land in Merced County, California, adjoining a tract of land owned by appellant. Peter Hopley, at the request of appellant, conveyed his property in California to appellant, and in October, 1921, appellant succeeded in consummating a deal by which he exchanged his California properties, and those belonging to Peter Hopley, for lands and securities in the state of North Dakota. All the lands and securities received in consideration for the exchange were taken in the name of appellant. Among the securities received by appellant was a note for $14,049.87, given by one B. E. Latham, and secured by a mortgage on real property in the state of North Dakota. Six thousand dollars was agreed upon between appellant and Peter Hopley as the value of Peter Hopley's equity in his California land. To pay Peter Hopley this $6,000, appellant indorsed on the back of the Latham note of $14,049.87, the following: "I hereby assign a $6,000 interest in the within note to Peter Hopley. (signed) Geo. J. Shoenhair." This arrangement was not satisfactory to Peter Hopley. Thereafter, and on January 18, 1922, appellant made, executed and delivered to Peter Hopley a promissory note for $6,000, due three years after date with interest at seven per cent, payable annually, which is the note sued upon in this action. Thereafter, and on March 14, 1924, Peter Hopley assigned and delivered said note to F. J. Wright, the plaintiff and respondent herein. No part of said note, or interest thereon, was ever paid, and this action was commenced to collect said note and interest on March 3, 1925. Peter Hopley died before this case was tried.

Appellant contends that there was an entire want of consideration for this $6,000 note. How appellant can seriously urge this contention we are unable to understand. Peter Hopley transferred to appellant title to 160 acres of land in Merced, California, valued at $6,000, and received this note and the purported indorsement of a part of the Latham note in payment therefor. Neither Hopley in his lifetime, nor respondent, nor anyone else, since his death, has ever received one cent either for the land conveyed to appellant, or on account of the $6,000 note, or on account of the Latham note.

Furthermore, this so-called assignment or indorsement of the $6,000 interest in the Latham note is invalid and conveyed no interest to Peter Hopley. (Sec. 3113, Civ. Code.)

Appellant next contends that said note was made, executed and delivered upon the condition, and for the specific purpose, set forth in the answer of appellant. This contention is equally without merit. In appellant's answer it is alleged: "That the said note was executed and delivered by this defendant to the said Peter Hopley with the statement, agreement and understanding that the same should be paid out of funds received by this defendant from the said B. E. Latham in payment of his note so held by Peter Hopley, and not otherwise. . . . That said note of B. E. Latham to R. L. Chunning has not been paid, nor has any part or portion thereof been paid and because of these facts the note of this defendant to the said Peter Hopley has not become due, nor has any part or portion thereof become due and payable."

The trial court made the following finding, which is amply supported by the evidence, to wit: "The Court further finds that said Six Thousand Dollar ($6,000.00) note was not to be paid by the defendant out of funds derived from the note known as the B. E. Latham note, but that the said promissory note became due and payable according to its terms and at all times since the making, execution and delivery thereof was a valid and subsisting obligation of the said defendant."

Furthermore, no fraud or mistake was alleged in the answer or proven, or attempted to be proven, at the trial. Therefore, the law is well settled that such a defense

as was attempted to be raised by appellant by his answer above set forth is not available to him. (*San Jose Sav. Bank* v. *Stone*, 59 Cal. 187; *Cashman* v. *Harrison*, 90 Cal. 304 [27 Pac. 283]; *Bradford Investment Co.* v. *Joost*, 117 Cal. 210 [48 Pac. 1083]; *Leonard* v. *Miner*, 120 Cal. 403 [52 Pac. 655]; *Carver* v. *San Joaquin Cigar Co.*, 16 Cal. App. 767 [118 Pac. 92]; *Rottman* v. *Hevener*, 54 Cal. App. 478 [202 Pac. 329], and cases there cited; *Dollar* v. *International Banking Corp.*, 13 Cal. App. 331 [109 Pac. 499]; *Consolidated Lumber Co.* v. *Frew*, 32 Cal. App. 118 [162 Pac. 430].)

In *Leonard* v. *Miner, supra,* the court said: "It is a thoroughly well-settled principle of evidence that a written contract cannot be contradicted or varied by evidence of an oral agreement entered into by the parties before or at the time of making such a contract; consequently, parol evidence of an oral agreement alleged to have been made at the time of the drawing or making of a bill of exchange or promissory note cannot be admitted to vary, qualify or contradict, or add to, or subtract from, the absolute terms of the written instrument. (2 Parsons on Bills and Notes, 501.) As was said by Lord Coke in *Countess of Rutland's Case*, 5 Coke, 25: 'It would be inconvenient that matters in writing, made by advice, and on consideration, and which finally import the certain truth of the agreement of the parties, should be controlled by averment of the parties to be proved by the uncertain testimony of slippery memory.' Evidence of a contemporary oral agreement between the parties to a bill or note, whereby the order or promise contained in the instrument is rendered null or conditional, or whereby the fact of payment is made to depend upon some contingent future event, comes within the same principle. (Citing cases.) We know of no subject upon which the authorities are more numerous and uniform than that indicated above."

In *Cashman* v. *Harrison, supra,* the court said: "Except for the purpose of proving want of consideration, fraud, accident, or mistake, which might nullify the instrument, parol evidence is inadmissible to vary or contradict a bill of exchange. 'Therefore, if a bill or note be absolute upon its face, no evidence of a verbal agreement made at the same time, qualifying its terms, can be admitted.' If the

bill is payable on demand, 'it cannot be shown by verbal testimony that it was agreed that it should not be paid . . . until the amount was collected from certain sources; nor until a certain draft was received . . . nor that a note or bill in which no time for payment is expressed, and is therefore constructively payable on demand, was to be paid at a specified time; . . . nor that the liability of the drawer, maker, or other party was not to be enforced; . . . nor that it was to be paid out of a particular estate.' "

■ Therefore, it is clear that respondent's objection to the testimony given by appellant, in support of the alleged oral agreement with Peter Hopley, should have been sustained.

■ Appellant also contends that respondent had no title or interest in the note and no right to continue this action after the death of Peter Hopley. These contentions are, likewise, without merit. Plaintiff's right to proceed to collect the note was not affected in any way by the death of Peter Hopley. Peter Hopley, before his death, assigned and delivered the note to plaintiff, and plaintiff had the right to sue thereon in his own name and payment to him discharged the note. (Sec. 3132, Civ. Code.)

In *Kelley* v. *Hampton*, 22 Cal. App. 68 [133 Pac. 339, 340], the court said: "But an assignment for collection, without any consideration being paid by the assignee, vests the legal title in the assignee, which is sufficient to enable him to recover, though the assignor retains an equitable interest in the thing assigned. This is of no concern to the debtor." (See, also, *Greig* v. *Riordan*, 99 Cal. 316 [33 Pac. 913].)

Other contentions are made by appellant, but we deem them unworthy of special consideration.

We think the appeal in this case is devoid of any merit whatever. The judgment is affirmed.

Plummer, J., and Finch, P. J., concurred.