[L. A. No. 13154.   In Bank.—October 25, 1932.]

C. W. McARTHUR, Appellant, v. F. O. JOHNSON, Respondent.

S. P. Williams and C. L. Brown for Appellant.

Harry W. Horton for Respondent.

PRESTON, J.—Upon re-examination of this cause, we desire to adopt as a part of the opinion of this court herein practically the entire opinion written by Mr. Justice *pro tem.* Harden of the District Court of Appeal, Fourth Appellate District, hereinafter set forth as follows, to wit:

"Plaintiff sued upon a promissory note made by defendant and payable on demand to the order of plaintiff in the sum of $2,000.00. The note was free from uncertainty or ambiguity. The defense interposed was that said note had been made for the accommodation of plaintiff and without consideration to defendant. No issues of invalidity, illegality, fraud, accident or mistake were tendered. Defendant also filed a pleading denominated a counterclaim and cross-complaint, alleging several causes of action against plaintiff for money. Parol evidence was received which tended to establish that it was agreed by the parties thereto, at the time of the making and delivery thereof, that said note was to be paid only out of defendant's share of commissions earned jointly by defendant and plaintiff in the sale of real estate. No express findings were made upon the defense that defendant was an accommodation maker. Judgment was entered crediting defendant with the payment of $400.00 thereon and adjudging that said note was payable only out of defendant's share of said commissions. Defendant was also given judgment upon his counterclaim and cross-complaint for $1,118.49 and interest.

"Plaintiff appeals from the judgment and from the denial by operation of law of his motion for a new trial. The only

582

point raised on the appeal is that said parol evidence was incompetent.

█ "The note was an unconditional promise to pay money on demand. The parol evidence received was in direct contradiction of the express terms of said note. It tended to establish that said note was not payable on demand, but, on the contrary, was payable only out of a particular fund. Said evidence was not admissible. (Secs. 1856, Code Civ. Proc., and 1625, Civ. Code.) Said sections lay down rules of substantive law (*Harding* v. *Robinson,* 175 Cal. 534, 540 [166 Pac. 808]). Under conditions similar to those existing here, the principles of law involved have been applied to prevent the reception of parol evidence to contradict the terms of written instruments in a great variety of cases. In support of our holding we shall cite only a few decisions dealing with commercial paper: *Brown* v. *Spofford,* 95 U. S. 474 [24 L. Ed. 508]; *San Jose Sav. Bank* v. *Stone,* 59 Cal. 183; *Cashman* v. *Harrison,* 90 Cal. 297 [27 Pac. 283]; *Leonard* v. *Miner,* 120 Cal. 403 [52 Pac. 655]; *Wright* v. *Shoenhair,* 100 Cal. App. 163 [280 Pac. 174]. Our case falls squarely within the rules announced and applied in said cases."

█ It is contended that section 3097 of the Civil Code sets up a different rule of law. So far as here material that section provides: " . . . the delivery may be shown to have been conditional, or for a special purpose only, and not for the purpose of transferring the property in the instrument. . . . " The court admitted parol evidence and on such evidence found the agreement between the parties to have been as follows: " . . . said note was delivered by the defendant to the plaintiff upon the understanding and condition that said note was to be paid wholly and solely from commissions that might thereafter become due to the plaintiff and the defendant in connection with their joint efforts in the sale of real property in Imperial County, California. . . . " We are of the view that this finding does not bring into operation the above quoted provision of the statute. █ By the use of the phrase "and not for the purpose of transferring the property in the instrument" is clearly meant the right to set up by parol conditions that will defeat the passage of the beneficial interest in the instrument, but this does not include conditions which concede

the transfer of the property in the instrument and merely restrict the source of payment. Repeated holdings of other courts may be found making similar application of a provision of the Uniform Negotiable Instruments Act, which is identical with our own statute. (5 Uniform Laws Annotated, Negotiable Instruments Act, sec. 16, p. 97.)

For example, the case of *Smith* v. *Dotterweich,* 200 N. Y. 299 [33 L. R. A. (N. S.) 892, 93 N. E. 985], holds that "when the oral testimony goes directly to the question whether there is a written contract or not, it is always competent; but when the effect of the oral testimony is to establish the existence of a written contract, which it is designed to contradict or change by parol, then the spoken word must yield to the written compact".

Again, in the case of *Storey* v. *Storey,* 214 Fed. 973, it is said: "And probably nowhere is the basis of the error more clearly and simply stated than in *Pym* v. *Campbell,* 6 El. & Bl. 370: 'The distinction in point of law is that evidence to vary the terms of an agreement in writing is not admissible, but evidence to show that there is not an agreement at all is admissible. . . . ' "

In the recent case of *Murphy* v. *Craig,* 28 Fed. (2d) 963, the court said: "That the maker of a promissory note for the payment of a sum certain, on a day certain, will not be heard to say that the note is payable out of a particular fund only, or that a collateral agreement authorizing the sale of collateral to satisfy the indebtedness secured by it is no agreement, and confers no authority at all, is too firmly established to require extended discussion."

Again, in 22 C. J. 1076, it is said: "Where an engagement is in general terms made payable in money it is by legal implication payable in lawful money of the country, and parol evidence cannot be admitted to show an agreement that it should be paid in any other medium or manner, or that payment should be made only out of some particular fund." The same authority, at page 1091, further states: "It is not permissible to show a parol agreement of the payee or holder of commercial paper not to enforce payment against the person or persons liable thereon; or a parol agreement that the payee or holder shall look to some other person or persons for payment, that he shall require payment only in a certain event or out of some particular

fund, that he shall not require payment until a certain security has been exhausted, that he shall not call on one of the persons liable for payment until all remedies against the others have been exhausted, or that the obligation may be extinguished by part payment.''

The above holdings are indorsed in the case of *Steinfeld & Co.* v. *Tew*, 35 Ariz. 147 [274 Pac. 1047], where, in construing a statute of that state, the court held, as stated in the syllabus, that ''in action on notes, evidence showing that they were to be paid out of moneys realized by defendant from sale of mine held inadmissible, where agreement was made at time of making note or before, as varying terms of written instrument, since such transaction does not constitute 'conditional delivery,' under Civ. Code, 1913, par. 4161.'' See, also, *Whiteman* v. *Bishop*, (Tex. Civ. App.) 289 S. W. 730.

It follows that said error in the reception of parol evidence requires a reversal of the judgment and a new trial with respect to the issues tendered by plaintiff's complaint and the answer thereto. The findings and judgment with respect to the issues tendered by the counterclaim or cross-complaint, however, appear to be free from error and we see no reason for disturbing them. Therefore, that portion of the judgment which decrees as follows: ''that the defendant is entitled to judgment against the plaintiff in the sum of $1,118.49, together with interest thereon at the rate of seven per cent. per annum from the date of this judgment and for defendant and cross-complainant's costs herein, in the sum of $——,'' is hereby affirmed; in all other respects the judgment is reversed and the cause is remanded for a new trial with respect to the said issues tendered by the complaint and answer, appellant to have his costs on appeal, together with a stay of execution on the judgment resting upon the cross-complaint until the determination of all the other issues in the cause.

Curtis, J., Shenk, J., Tyler, J., *pro tem.*, Langdon, J., Seawell, J., and Waste, C. J., concurred.