[Civ. No. 16376. Second Dist., Div. One. Sept. 10, 1948.]

GUY N. STAFFORD, Appellant, v. R. D. CLINARD, Respondent.

Guy N. Stafford, in pro. per., for Appellant.

Hix & Binns and Walter S. Binns for Respondent.

DORAN, J.—This is an appeal from the judgment, also from orders refusing to grant a temporary injunction and dissolving temporary restraining orders.

A demurrer was sustained to the first amended complaint without leave to amend. The complaint alleges that in November, 1945, plaintiff "executed and delivered" to one Hansberger a certain note and trust deed; that thereafter a second note and trust deed covering the same property were "executed and delivered" to Hansberger by plaintiff; "That plaintiff has defaulted in the payment of said notes, and said lots are about to be sold under the power of said deeds of trust." "That plaintiff gave said notes and deeds of trust to secure that payment of the purchase price of certain used oil well drilling equipment." "That on or about the month of March, 1947, said Hansberger, was compelled by circumstances to assign said notes and deeds of trust to R. D. Clinard." It is

also alleged that at the time the trust deeds were delivered to Hansberger plaintiff was litigating the validity of certain oil leases "recorded against said lots" and, "that it was agreed at said time that plaintiff should have until the conclusion of said litigation to make payment of said notes." It is also alleged that "Hansberger told said Clinard of his acts and intentions concerning said deferment of payment of said notes, and said Clinard agreed to be bound thereby." It is then alleged that plaintiff received notice in August, 1947, "of the impending sale of said lots on August 26th, 1947." The complaint sets forth alleged conversations between plaintiff and Clinard concluding with the allegation in substance that Clinard orally agreed to enter into a written agreement to postpone the sale and on the following day refused so to do.

A summary of the complaint reveals that plaintiff's cause of action is based on respondent's alleged violation of an oral agreement to enter into a written agreement concerning another written agreement, to wit, the trust deed. It is argued, however, by appellant that, "this oral agreement by Mr. Clinard in no wise altered the deeds of trust, but that he orally agreed to forbear and postpone the sale of the property for a time, and that he, thereby, waived his rights to continue with the sale."

Appellant's contentions cannot be upheld. An agreement to postpone a valid sale of property beyond the date when said property may be sold under and according to the terms of a trust deed obviously is an agreement to alter the terms of the instrument. And as pointed out by respondent, "[a] contract in writing may be altered by a contract in writing, or by an executed oral agreement, and not otherwise." (Civ. Code, § 1698.) Therefore the oral agreement relied on by appellant is unenforceable. To hold otherwise would reduce a trust deed in any case to an unsubstantial if not worthless security.

The judgment and orders are affirmed.

York, P. J., and White, J., concurred.

A petition for a rehearing was denied September 28, 1948, and appellant's petition for a hearing by the Supreme Court was denied November 8, 1948.