[Civ. No. 19403.   Second Dist., Div. Two.   Apr. 15, 1953.]

GUY N. STAFFORD, Appellant, v. G. M. RUSSELL et al.,
Respondents.

Guy N. Stafford, in pro. per., for Appellant.

Vaughan, Brandlin & Wehrle, J. R. Vaughan, Warren J. Lane, Lawrence L. Otis, Gilbert E. Harris, James F. Healey, Jr., and Harold Arman for Respondents.

FOX, J.—Defendants' demurrer to plaintiff's tenth amended complaint was sustained without leave to amend. Plaintiff appeals from the ensuing judgment of dismissal.

The first count of the complaint is in the conventional form of an action to quiet title to the described property. It is, however, premised upon the detailed factual allegations contained in the other counts. Count one must, therefore, stand or fall with the other counts. (*Ephraim* v. *Metropolitan Trust Co.*, 28 Cal.2d 824, 833 [172 P.2d 501].)

In count two it is alleged that on or about November 1, 1945, plaintiff and one Hansberger entered into an oral agreement for the purchase by plaintiff of certain used oil well equipment then in plaintiff's possession at an agreed price of $900, payable in six months, with title reserved in the seller until payment was made. On that same date plaintiff executed and delivered to Hansberger his promissory note for $900, payable in six months, with interest at 5 per cent, together with a deed of trust on the lots described in count one as security for the note.

The deed of trust, attached as an exhibit to the tenth amended complaint, named defendant Title Insurance and Trust Company as trustee, and required, *inter alia,* that trustor pay all taxes before delinquency and pay all encumbrances, charges and liens which appear to be prior or superior to the trust deed, and further provided that should trustor fail to pay any such items, the trustee or beneficiary might do so without notice to or demand upon the trustor. The trust deed was acknowledged by two of the trustors, plaintiff and Elsa K. Stafford, and was recorded in January, 1946. The third trustor, Elsan H. Stafford, acknowledged the trust deed in January, 1947, and it was again recorded with his acknowledgment in July, 1947.

It is alleged that the note and trust deed were executed and delivered pursuant to an oral agreement that Hansberger would not resort to the security of the trust deed to enforce payment of the note until he had first repossessed and sold the equipment being purchased and applied the sum received from such sale to the amount due on the note.

It is further alleged that in January, 1946, plaintiff purchased and took possession of additional equipment for an undisclosed price and executed a promissory note, due in six months, secured by another trust deed upon the same property. It is also alleged that at the time of this second transaction it was further orally agreed between plaintiff and Hansberger that payment for the equipment covered by the agreement of November 1, 1945, as well as for the equipment then purchased, would be deferred until the final outcome of certain pending litigation between plaintiff and defendants Russell and Vaughan, ''provided plaintiff could not otherwise make such payment''; that plaintiff believed the litigation in question would shortly terminate, but, that through the fault of Russell and Vaughan, it continued until late in 1949; that in reliance on the aforementioned oral agreements plaintiff did not make payment when due nor did he offer payment until late in 1949. Plaintiff next alleged in effect that Russell and Vaughan employed one Clinard (who was originally named as a defendant herein together with Hansberger but whose demurrers were sustained without leave to amend at an early stage of these proceedings) to obtain from Hansberger an assignment of the note and trust deed of November 1, 1945, to himself for the benefit of Russell and Vaughan; that he obtained, without plaintiff's knowledge, such an assignment some time prior to April 3, 1947; that on that date

Clinard, acting at the request of Russell and Vaughan, executed and recorded a notice of default in the performance of the terms and provisions of the note and trust deed of November 1, 1945, and requested a sale of the lots covered thereby. On September 25, 1947, after the expiration of the statutory period following the recording of the notice of default, the defendant Title Insurance and Trust Company sold two of the lots, at trustee's sale, to Vaughn for $110, and the other three to defendant Binns for $150, and thereafter executed deeds conveying the five lots to the respective purchasers; that Binns, at the request of Russell and Vaughan, acted as the attorney and adviser of Clinard; that he took title to the lots sold to him at the trustee's sale for the use and benefit of Russell and Vaughan. There is no allegation of any irregularity in the notice of default or the conduct of the sale. Finally, it is alleged that on December 16, 1949, plaintiff tendered to Hansberger the full amount due under the oral agreement of November 1, 1945.

Count three incorporates many of the allegations contained in the preceding count, and in addition alleges that before executing the trust deed plaintiff informed Hansberger that accumulated taxes assessed against the five lots were delinquent and unpaid, and that the title was clouded by certain litigation then pending which had been instituted by Russell and Vaughan against plaintiff; that about the time default was declared on the trust deed by Clinard, Russell and Vaughan paid or caused to be paid in the name of Clinard delinquent taxes in the amount of $463.09 and requested Title Insurance and Trust Company to add this sum to that necessary to remedy the default. It is further alleged that in July, 1947, Russell and Vaughan requested and paid for a second recording of the trust deed in the amount of $7.50 and requested the trustee to add this item also to the amount necessary to remedy the default; that the sum paid for taxes and the cost of rerecording the trust deed were added to the amount necessary for plaintiff to pay in order to remedy the default thereunder; and that the trustee "notified plaintiff that the sum necessary to remedy said default was approximately $1,600.00" which included the payments for taxes and rerecording. This count concludes with the allegation that the property covered by the trust deed at the time of the sale thereof was of a value in excess of $5,000, excluding "an idle oil well" thereon which was of a value in excess of $25,000,

and that under the belief that Hansberger, if he "ever had any right to use said trust deed dated November 1, 1945, was still the owner thereof, plaintiff tendered to said Hansberger the full amount due under said note and trust deed in December, 1949," which tender and demand were refused.

The fourth and fifth counts merely restate the allegations of the second and third counts and differ only in the relief demanded, namely, damages, rather than the setting aside of the trustee's sale.

Plaintiff cannot predicate a right to any relief upon the alleged oral agreement entered into concurrently with the execution of the promissory note and trust deed dated November 1, 1945, covering the transaction in question. The proof of the asserted oral agreement must of necessity rest in parol. Such evidence, however, is not admissible to establish an agreement at variance with a contract in writing. (Civ. Code, § 1625; Code Civ. Proc., § 1856; *Scatena* v. *Lawson,* 95 Cal.App. 720, 724-725 [273 P. 592]; *McArthur* v. *Johnson,* 216 Cal. 580, 582 [15 P.2d 151]; *Lindemann* v. *Coryell,* 59 Cal.App. 788, 791 [212 P. 47].) ■ This is not a rule of evidence merely but one of substantive law. (*Harding* v. *Robinson,* 175 Cal. 534, 540 [166 P. 808]; *McArthur* v. *Johnson, supra.*)

· Plaintiff contends, however, that none of the defendants, except Title Insurance and Trust Company, can invoke the parol evidence rule, asserting that they are not parties named in the trust deed and not successors to parties named therein. (See Code Civ. Proc., § 1856.) ■ Plaintiff is in error for the other defendants acquired their interests by reason of the trustee's sale and their deeds from the trustee. Hence they are clearly successors in interest to the trustee and entitled to invoke the parol evidence rule.

■ Likewise, plaintiff is not entitled to any relief by reason of the alleged subsequent oral agreement in January, 1946, wherein it was assertedly agreed between him and Hansberger that the time for paying the promissory note of November 1, 1945, would be extended until the litigation then pending between him and defendants Russell and Vaughan was terminated. This was an effort to alter the terms of a contract in writing, which can only be done "by a contract in writing, or by an executed oral agreement, and not otherwise." (Civ. Code, § 1698.) The alleged oral agreement was obviously not executed. Therefore, as pointed out in *Staf-*

*ford* v. *Clinard,* 87 Cal.App.2d 480 [197 P.2d 84], where this identical transaction is passed upon, the alleged oral agreement is unenforceable. "To hold otherwise would reduce a trust deed in any case to an unsubstantial if not worthless security." (P. 481.)

Plaintiff seeks to circumvent the parol evidence rule on the theory that the note and trust deed were to take effect upon the occurrence of a future event; that the delivery was conditional. ▆ It is, of course, permissible to show that a delivery was conditional (see *Peterson* v. *First Nat. Bank,* 101 Cal.App. 532, 536 [281 P. 1104]), but this rule is not without its limitations. One of these is that a conditional delivery may not be established by parol evidence if the oral condition is inconsistent with the express terms of the writing. (Restatement of Contracts, § 241; *Hanrahan-Wilcox Corp.* v. *Jenison Mach. Co.,* 23 Cal.App.2d 642, 645-646 [73 P.2d 1241]; *Severance* v. *Knight-Counihan Co.,* 29 Cal.2d 561, 563 [177 P.2d 4, 172 A.L.R. 1107]; *McArthur* v. *Johnson, supra,* 582-584; *Scatena* v. *Lawson, supra.*) The distinction here applicable is pointed out in *Hanrahan-Wilcox Corp.* v. *Jenison Mach. Co., supra* (pp. 645-646), in this language: "Testimony of the circumstances surrounding the execution and delivery of a written agreement ordinarily do not vary its terms and is therefore not within the parol evidence rule. [Citations.] However, if such testimony conflicts with the terms of the written agreement it falls under the ban of the rule [citations]." In the instant case the alleged oral contracts are clearly inconsistent with express terms of the note and trust deed. Plaintiff alleges that under the first oral agreement no action could be taken to enforce the note or trust deed until after repossession or sale of the personal property and the application of the proceeds to the amount due under the oral agreement; but by the terms of the note, payment was unqualifiedly due six months from the date it bore. Also, the trust deed provided that "Upon default of Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale . . ." The note provided for interest at 5 per cent. The oral agreement did not provide for interest. The trust deed provided that the real property is granted to trustee in trust: "For the purpose of securing payment of

the indebtedness evidenced by one promissory note in the following form and performance of each agreement of trust herein contained. . . .'' The trust deed goes on to set out the terms of the note which required plaintiff to pay $900 in six months. The oral agreement, however, would make the trust deed security only for the difference between $900 and the amount which the repossessed property might bring at a sale. The note and trust deed provided for an attorney's fee. Under the alleged oral contract no attorney's fee could be recovered.

The second oral agreement, allegedly made in January, 1946, is similarly inconsistent with the note and trust deed. By the terms of this oral agreement, payment was not due until the indefinite time when certain litigation terminated instead of at the fixed time of six months from November 1, 1945. The complete lack of merit in plaintiff's position is pointed out in *Stafford* v. *Clinard, supra,* where plaintiff sought to enjoin the sale which he now seeks to set aside, on the ground that Hansberger had agreed that plaintiff should have until the conclusion of certain pending litigation to make payment of the note.

Plaintiff takes the position that the tax lien was improperly paid and added to the amount necessary to cure his default. He also objects to the inclusion of the $7.50 rerecording expense of the deed of trust. There is, however, no substance to this complaint for, by the express terms of the deed of trust, plaintiff agreed to pay when due all liens, with interest, on the property which appeared to be prior or superior to the obligation thereby secured. He failed to do this. By the terms of the document power was conferred upon the trustee and beneficiary to make such payments.

The rerecording expense was due to the fact that one of the trustors, Elsan H. Stafford, did not acknowledge the deed of trust prior to its initial recording. He did, however, later acknowledge the document. It was then recorded a second time. This, of course, was done to protect the security of the deed of trust with respect to any interest that Elsan H. Stafford might have. The instrument authorized the trustee and beneficiary to pay necessary expenses. This second recording clearly falls within that designation.

It is thus apparent that there was express authority in the deed of trust for the payment of these items. Even in the absence of such authority, the trustee or beneficiary may pay taxes and other superior liens in order to protect the

security and add the same to the debt secured. (*Savings & Loan Soc.* v. *Burnett,* 106 Cal. 514, 536 [39 P. 922]; *San Mateo County Bank* v. *Dupret,* 124 Cal.App. 395, 396-397 [12 P.2d 669].) It was therefore proper to include them in the amount necessary to cure plaintiff's default.

Plaintiff is not entitled to any relief because of the alleged inadequacy of the price for which the lots sold at the trustee's sale. In this state, "it is a settled rule that inadequacy of price, however gross, is not in itself a sufficient ground for setting aside a trustee's sale legally made; there must be in addition proof of some element of fraud, unfairness or oppression as accounts for and brings about the inadequacy of price." (*Stevens* v. *Plumas Eureka Annex Mining Co.,* 2 Cal.2d 493, 496 [41 P.2d 927].) Nor does plaintiff allege additional facts which show he is entitled to relief. It is not claimed there was any irregularity in the notice of default or the conduct of the sale. We have determined it was proper to add the amount paid for delinquent taxes and for rerecording the trust deed. Plaintiff states in his amended complaint that the defendant trustee "notified plaintiff that the sum necessary to remedy said default was approximately $1,600.00," including the amount paid for taxes and rerecording. There is no suggestion in plaintiff's pleading that he did not know of the trustee's sale, or that he or anyone else was prevented from attending and bidding. Indeed it is clear from *Stafford* v. *Clinard, supra,* that plaintiff brought an unsuccessful action to enjoin the sale. It is, of course, true that plaintiff claims the sale was made contrary to the alleged oral agreements. But as we have pointed out these alleged agreements cannot be the basis for any relief.

On this point plaintiff relies on *Darden* v. *Reese,* 88 Cal. App.2d 904 [200 P.2d 81]. It is clearly distinguishable since there the execution "sale was made without the knowledge of plaintiff, the owner of the stock." There are also other materially differentiating facts.

Although plaintiff had actual notice of the proposed trustee sale prior to the date of sale and of necessity must be deemed to have had notice of the person who had requested the trustee to sell, and appears to have had actual knowledge of the identity of such person in view of his suit to enjoin the sale (see *Stafford* v. *Clinard, supra*), yet he made no attempt to tender any amount due under the note and trust deed until more than two years thereafter, and then made

the alleged tender to the original payee of the note and not to the assignee thereof. Plaintiff's position is utterly lacking in equity.

The judgment is affirmed.

Moore, P. J., and McComb, J., concurred.

A petition for a rehearing was denied May 8, 1953, and appellant's petition for a hearing by the Supreme Court was denied June 11, 1953.